[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by Paul E. Walters, Appellant, from a judgment of the Municipal Court of Tiffin, Seneca County, Ohio, denying his motion to suppress the results of a chemical breath/alcohol test.
On November 14, 1997, Paul Walters was charged with driving the influence of alcohol and driving with an illegal concentration of alcohol in his breath, in violation of R.C.4511.19(A)(1) and (3). A test of Walters' breath/alcohol level showed a .122 concentration of alcohol per 210 liters of his breath. On December 29, 1997, Walters filed a motion to suppress the results of the breath/alcohol test, claiming that the procedure used by the Ohio Department of Health for certification of the calibration solution was inadequate to ensure its reliability. A hearing on the motion to suppress was held on January 12, 1998. Later that day, the trial court overruled the motion, finding that the chemical test was performed in substantial compliance with the applicable statute and regulations. Walters subsequently pled no contest to the charge of driving with an illegal concentration of alcohol in his breath. The trial court found Walters guilty and sentenced him accordingly.
Appellant now appeals the trial court's decision denying his motion to suppress evidence, asserting the following assignment of error:
 The court erred by overruling the Defendants [sic] motion to suppress contrary to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Section 16 of the Ohio Constitution.
If an issue is raised in a motion to suppress regarding the calibration of a breathalyzer machine, the State has the burden to demonstrate compliance with O.A.C. 3701-53-04. According to O.A.C. 3701-53-04(A), a breathalyzer machine must be calibrated "no less frequently than once every seven days in accordance with the appropriate instrument checklist * * *." Law enforcement agencies are required to regularly calibrate breath testing machines using "an instrument solution containing ethyl alcohol approved by the director of health." O.A.C. 3701-53-04(A)(1). The calibration solution contains a prescribed concentration of alcohol referred to as a "target value" which when used in the breath testing machine should produce a readout of .100 grams of alcohol per 210 liter of breath, plus or minus .005. The director of health issues a certificate for each batch of calibration solution distributed to the agencies, certifying the accuracy of the solution. If a breath testing machine processes the solution and produces a result that is too high or too low, the machine is taken out of service. O.A.C. 3701-53-04(A)(1).
Appellant in this case does not dispute that a solution of alcohol "approved" by the director of health was used in his case or that the other requirements of O.A.C. 3701-53-04 were followed. Rather, Appellant challenges the method used by the State to verify the alcohol content of the test solution. Appellant claims that the Ohio Department of Health approved the calibration solution used for Appellant's breathalyzer test without properly determining the accuracy of the target values of the solution.
As explained in State v. Beardsley (Oct. 24, 1997), Marietta Mun. No. 97TRC4176-01, unreported, the Ohio Department of Health purchases the calibration solution from independent manufacturers. The department then tests a small portion of each batch produced by the manufacturer to ensure that it contains the appropriate concentration of alcohol before approving the entire batch for distribution. In Beardsley, the Deputy Director of the Ohio Department of Heath, Dr. Craig Sutheimer, testified that he believed the number of samples tested by the Department of Health were too few in relation to the size of the calibration batch. Thus, he believed that the potential existed for a batch containing unacceptable levels of alcohol to slip by the limited analysis done by the Department of Health and subsequently be "approved" by the department.[1] While Dr. Sutheimer noted that the manufacturers do extensive testing to ensure the appropriate concentration of alcohol in the batches, he indicated that the Department of Health has not been given access to the manufacturers facilities nor did he have any information regarding the methods and procedures used by the manufacturers to test the solution.
Appellant relies on the Beardsley case and the testimony of Dr. Sutheimer to support his claim that since the Department of Health does not test an adequate portion of the calibration solution itself and relied upon the manufacturer's statement of the concentration of the solution, the department was certifying and approving the solution based on hearsay.[2] Thus, Appellant claims that the integrity of the breathalyzer results in his case have been jeopardized through the use of an unreliable albeit "approved" solution. Moreover, since the director of health cannot say with certainty that the calibration solution is reliable and accurate, Appellant claims that the State cannot satisfy its burden of demonstrating the breath testing machine in his case was properly calibrated.
As a threshold matter, we note that Appellant presented the testimony of Dr. Sutheimer to the trial court in the form of a partial transcript copy which was attached to his motion to suppress. There is no evidence in the record that this transcript copy was properly authenticated. See Evid.R. 902(4). Nevertheless, the trial court agreed to consider the transcript as evidence at the hearing on the motion to suppress. No objection was made by the State.
Assuming, arguendo, that the contents of the transcript are properly before this court on appeal, we are not convinced that the testimony of Dr. Sutheimer demonstrates any reason to doubt the accuracy of the solution approved by the department. Dr. Sutheimer did not say that the solution approved by the Department of Health was inaccurate or that certification was inappropriate. The doctor only stated that due to what he felt was "inadequate" testing done by the Department of Health, a potential existed for the department to approve a calibration solution with unacceptable levels of alcohol. There is no doubt that the batch which Appellant challenges had passed the Department of Health's testing process. Furthermore, although he did not have first hand knowledge of the particular procedures employed, Dr. Sutheimer knew the manufacturers did extensive testing to ensure the correct levels of alcohol in the solution. Although Appellant argues that the Department of Health inappropriately relied on the manufacturer's certification regarding the target values of the calibration solution when issuing its certificate of approval, we find the fact that the department performed its own tests to verify the target values contradicts this claim of blind reliance on manufacturer's certification. While the Department of Health was in the process of stepping up its procedure to further guarantee the quality of the calibration solution received from the manufacturer, we find nothing in Dr. Sutheimer's testimony which would indicate the calibration solution used in Appellant's case contained unacceptable levels of alcohol.
We are also respectful of the trial court's ability to assess the probative value of the evidence presented in Appellant's motion to suppress. At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of the witnesses and the weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 20. It is conceivable that the court found Dr. Sutheimer's transcript testimony lacking in form or substance, or for some other reason placed little weight on his testimony.
Given the foregoing, we agree with the trial court that the breath test performed on Appellant was performed in substantial compliance with the statute and regulations. Consequently, we overrule Appellant's assignment of error.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.
[1] Specifically, Dr. Sutheimer was testifying in reference to two batches of calibration solution, one of which was Batch 97010. The calibration solution used for Appellant's breath test also originated from Batch 97010.
[2] We note that Appellant's "hearsay" allegation is legally incorrect. See Evid.R. 801(C). The manufacturer's certificate is not offered in evidence to establish the alcohol content of the calibration solution.