Plaintiff-appellant, the state of Ohio, appeals a decision of the Clinton County Municipal Court granting a motion to suppress all evidence obtained as a result of a traffic stop of defendant-appellee, Cindy Howell. We reverse.
On April 7, 1988, appellee went to the home of her baby-sitter to pick up her child. The baby-sitter noticed appellee "fall up the hill" and "stumble through the door." After appellee left with her child, the baby-sitter called the Clinton County Sheriff's Department to report that, in her view, appellee was drunk. She gave the car type and color, a gold Camry, and the possible location of the vehicle to the sheriff's department.
Deputy Stanfill of the Clinton County Sheriff's Department was dispatched to State Route 134 and told a possibly intoxicated woman may be driving a gold Camry southbound on State Route 134. Stanfill noticed a gold Camry driving southbound and followed the vehicle. He continued to follow the Camry eastbound (left turn) onto State Route 350. Next, appellee almost immediately turned right into a driveway at 3780 State Route 350 without using a turn signal. Appellee was stopped for failing to signal and eventually arrested for violating R.C. 4511.19(A)(1), driving under the influence of alcohol.[1] Appellee refused to take a breathalyzer test and received an administrative license suspension pursuant to R.C.4511.191.
Appellee filed a motion to suppress all evidence gathered as a result of the traffic stop. The trial court granted the motion. The court reasoned that appellee had not violated R.C.4511.39, "turn and stop signals," and therefore Stanfill lacked reasonable and articulable suspicion to stop appellee's vehicle. Based on this decision, the trial court vacated the administrative license suspension. From these rulings, appellant filed a timely notice of appeal. See Crim.R. 12(J). Appellant assigns two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S ALS APPEAL.
In the first assignment of error, appellant argues that the trial court erred in granting the motion to suppress. When deciding a motion to suppress evidence, the trial court serves as the trier of fact and judges the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,20. An appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37,41. Accepting the factual findings, this court must independently determine as a matter of law if the minimum constitutional standard has been met. Id.
In Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus, the Supreme Court of Ohio stated that if a police officer has probable cause for a traffic violation, a stop is justified under the Fourth Amendment to the United States Constitution. Since we conclude Stanfill had probable cause for a traffic violation, we find the decision of the trial court must be reversed.[2]
R.C. 4511.39, turn and stop signals, states in relevant part that:
 No person shall turn a vehicle * * * unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
 When required, a signal of intention to turn * * * shall be given continuously during not less than the last one hundred feet traveled by the vehicle * * * before turning.
 No person shall stop or suddenly decrease the speed of a vehicle * * * without first giving an appropriate signal in the manner provided herein to the driver of any vehicle * * * immediately to the rear where there is opportunity to give a signal.
Appellee argues that she could not comply with R.C. 4511.39
because she turned right into the driveway less than one hundred feet after her left-hand turn. However, the first paragraph of the statute requires a driver to exercise "due care" and ensure a turn can be made with "reasonable safety." Since the right turn was less than one hundred feet from the corner, appellant should have signaled as soon as reasonably possible. Any other reading of R.C. 4511.39 would allow a driver to avoid signaling simply because the next turn is in close proximity to the previous turn. We disagree with the trial court's legal conclusion that appellee's actions do not implicate "due care." By signaling, appellee notifies other drivers that she will be slowing down in order to turn into the driveway. At the rate of speed necessary to safely turn into a driveway, appellee had an opportunity to signal. Therefore, Stanfill had probable cause to conclude appellee was in violation of R.C. 4511.39. Accordingly, the first assignment of error is well-taken.
Since we have found the motion to suppress was granted in error, the trial court also erred by vacating the administrative license suspension imposed by R.C. 4511.191. Thus, the second assignment of error is well-taken.
Judgment reversed and remanded for further proceedings according to law and not inconsistent with this opinion.
KOEHLER and WALSH, JJ., concur.
[1] R.C. 4511.19(A)(1) states that "[n]o person shall operate any vehicle * * * within this state if any of the following apply: The person is under the influence of alcohol * * *."
[2] Since this case is being analyzed under Erickson, we have no need to discuss the constitutionality of the stop based upon the tip of the baby-sitter. But, see, State v. Handley (Feb. 1, 1999), Clermont App. No. CA98-04-028, unreported (corroboration of neutral details of an anonymous tip, in itself, did not justify a traffic stop for driving under the influence of alcohol).