Defendant-appellant, Antonio Lamont King, appeals from his convictions and sentences for rape, aggravated burglary and aggravated robbery.
On September 29, 1997, defendant was arrested in Florida on an active Marion County, Ohio warrant and on an unrelated charge for possession of cocaine. He was incarcerated at the Pinellas County Jail. The next morning, Detective James Houck of the Clearwater, Florida Police Department interviewed defendant about the Ohio case. After being advised of his Miranda rights, defendant indicated that he would speak with the detective on tape. The tape-recorded interview resulted in incriminating statements by defendant.
On December 11, 1997, defendant was indicted by the Marion County Grand Jury for rape, in violation of R.C. 2907.02(A)(2); aggravated burglary, in violation of R.C. 2911.11(A)(1); and aggravated robbery, in violation of R.C. 2911.01(A)(1). Prior to trial, defendant moved to suppress the statements he gave the detective, maintaining that his statements were not voluntary. The trial court denied the motion.
A jury trial was held and the jury found defendant guilty of all three counts of the indictment. The trial court sentenced defendant to a mandatory term of ten years imprisonment on the rape charge. The court imposed the maximum sentence of ten years incarceration on each of the other two counts. All the sentences were to run consecutively.
Defendant now appeals and raises three assignments of error. For his first assignment of error, defendant asserts:
 The court erred to defendant's prejudice by denying defendant's motion to suppress his statements to police.
Defendant claims that the trial court erred in refusing to suppress the incriminating statements he made to the detective during his September 30, 1997 interview at the Pinellas County Jail because his statements were involuntary.
A defendant's statement is made involuntarily if it is the product of coercive police conduct. State v. Loza (1994), 71 Ohio St.3d 61, 66. In determining whether a defendant's pretrial statement was involuntary, the Ohio Supreme Court has held that a court, "should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31, paragraph two of the syllabus.
Defendant argues the detective made implicit promises in exchange for his statements. During the suppression hearing, defendant testified that Detective Houck told him that "things might go easier for [him] in Marion and Florida" if he were to cooperate. On the other hand, the detective testified that he made no promises or threats to defendant during the interview. The detective testified on cross-examination that he never had any discussion with defendant about the pending drug case and once again adamantly denied ever inducing defendant to talk about the Marion County case in response to promises with respect to the drug case. Thus, the resolution of defendant's contention is an issue of credibility of the witnesses' testimony. "`[T]he weight of the evidence and credibility of witnesses are primarily for the trier of the facts. * * * This principle is applicable to suppression hearings as well as trials.'" State v. Hill
(1996), 75 Ohio St.3d 195, 208, quoting State v. Fanning (1982),1 Ohio St.3d 19, 20. In denying defendant's pretrial motion to suppress, the trial court implicitly decided to believe Detective Houck's testimony over defendant's and that defendant's statements were voluntarily given. We note that upon completion of the interview, when the detective asked defendant if he had been threatened by the detective, defendant responded "no," and also did agree that he had made the statements of his own free will. With this affirmation and after reviewing the record, we find the trial court's conclusions in this regard are supported by the record.
Defendant next argues that he was "so smashed and wiped out" at the time of his statements that they were not voluntarily given. Evidence of police coercion or overreaching is necessary for a finding of involuntariness, and not simply evidence of a defendant's low mental aptitude. State v. Eley
(1996), 77 Ohio St.3d 174, 178.
The record in this case indicates that defendant was arrested by the police at approximately 11:30 p.m. on September 29, 1997. After around 4:00 to 5:00 a.m., defendant was able to sleep at the jail. The statement at issue was made around 11:15-11:30 a.m., almost twelve hours after defendant had smoked cocaine or drank alcohol. Detective Houck testified that defendant did not appear to be under the influence of alcohol or drugs during the interview. However, after defendant told the detective that he had smoked crack cocaine the night before, the detective then questioned defendant as follows:
Q: How you feeling now?
A: I feel fine.
Q: OK. You, I mean realize what's going on and everything?
A: Yea, I realize what's happening.
Defendant later testified at the suppression hearing that he was still under the influence of alcohol or drugs during the interview.
There is no evidence in this case of police coercion or overreaching resulting in defendant's statements because of his consumption of alcohol or drugs. Considering defendant's condition under the totality of the circumstances and noting defendant's responses during the interview, we conclude that his statements to the detective were voluntarily made. Accordingly, defendant's first assignment of error is overruled.
For his second assignment of error, defendant asserts:
 The trial court erred in sentencing the appellant to the maximum term on all three counts consecutive to each other.
Defendant argues that the statutory sentencing factors do not apply in this case to impose the maximum prison sentences or to run all sentences consecutively for the offenses.
In imposing the maximum prison term allotted for an offense, R.C. 2929.14(C) states:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Before imposing consecutive sentences, R.C. 2929.14(E)(4) states, in relevant part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
This court has recently stated that when determining the seriousness of the offender's conduct and the likelihood of recidivism, the trial court is required to utilize the factors listed in R.C. 2929.12. State v. Martin
(June 23, 1999), Crawford App. No. 3-98-31, unreported, at *2. Thus, we noted that imposition of a maximum prison term or consecutive terms is largely a product of the factual determinations required by that section. If a sentence is unsupported by the statutorily required findings, that sentence is both incomplete and invalid. Id.
At the defendant's sentencing hearing, the trial court made the following statements:
 [T]his case is undoubtedly the worst form of each of the offenses for which anybody could be convicted. Quite honestly, sir, you're every woman's nightmare. I think there's not much question that you pose a fairly significant likelihood of committing future crimes. I believe that consecutive sentences are necessary in order to protect the public. I also believe that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of your conduct. I also believe that your history of past criminal behavior demonstrates that consecutive sentences are necessary.
 I have considered all of the criteria provided in 2929.11 regarding sentencing, including all the various factors listed in 2929(B) [sic] related to those sections. I find it appropriate on each of the three counts to sentence you to the maximum ten years in prison. Those three sentences to run consecutively, for a total of 30 years.
Additionally, in its judgment entry of sentencing, the trial court made the following statement:
 The court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, as [well as] the appropriate factors under R.C. 2929.12.
In imposing its sentence, the trial court did recite conclusions in conformity with R.C. 2929.14(C) and (E)(4). However, the trial court did not articulate which R.C. 2929.12 factors are present in this case to sentence defendant to the maximum terms for aggravated burglary and aggravated robbery under R.C. 2929.14(C).[1] Nor does the court articulate those R.C. 2929.12 factors it is relying upon to support its decision to impose consecutive terms for all of the offenses under R.C.2929.14(E)(4). Because the trial court failed to make the findings required by R.C. 2929.14 and 2929.19,[2] we sustain defendant's second assignment of error.
For his third assignment of error, defendant asserts:
 The defendant's conviction for aggravated robbery was against the manifest weight of the evidence.
Defendant argues that his conviction for aggravated robbery is against the manifest weight of the evidence since the evidence at trial was insufficient to show that he had a deadly weapon during the commission of a theft offense. In particular, he challenges the sufficiency of the evidence with regard to operability.
Defendant was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1). Pursuant to this section:
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
In addressing the evidence necessary to establish the crime of aggravated robbery, the Ohio Supreme Court stated:
 For purposes of establishing the crime of aggravated robbery, a jury is entitled to draw all the reasonable inferences from the evidence presented that the robbery was committed with the use of a gun, and it is not necessary that the prosecution prove that the gun was capable of firing a projectile.
State v. Vondenberg (1980), 61 Ohio St.2d 285, syllabus.
In the instant case, the victim, Capitola Henson, testified that the intruder held a gun to her head when he first approached her in the bedroom and while he was pushing her out into the television room. When he threw her onto the floor to rape her, he laid the gun beside the fish aquarium. He later pushed her back into the bedroom and had her get down on her knees beside the bed. Capitola recalled that every time she started to pray, the "gun would ramp [sic] right up." The intruder demanded money. Thus, based on the fact that a gun was possessed at the time of the commission of the robbery, which Capitola had seen and described as long, we conclude that there was sufficient evidence to establish the element of a deadly weapon. We also conclude that defendant's conviction for aggravated robbery is not against the manifest weight of the evidence. Accordingly, defendant's third assignment of error is overruled.
In accordance with the foregoing opinion, we affirm the defendant's convictions. We reverse the sentences of the court of common pleas and remand this case for a new sentencing hearing.
Judgment affirmed in part, reversed in part and remanded.
BRYANT, P.J., and HADLEY, J., concur.
[1] Defendant was sentenced to a mandatory term of ten years imprisonment for the offense of rape. R.C. 2929.12(A) provides that a trial court has sentencing discretion unless an offense under consideration has a mandatory prison term required pursuant to division (F) of section 2929.13 or 2929.14.
[2] R.C. 2929.19 mandates that if the trial court decides to impose either consecutive sentences or the maximum prison term, the trial court must give its reasons for selecting the same. R.C. 2929.19(B)(2)(c) and (d).