THE STATE OF OHIO, APPELLEE, *v.* FANNING, APPELLANT.

[Cite as State *v.* Fanning (1982), 1 Ohio St. 3d 19.]

(No. 81-679—Decided July 14, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. James Applegate,* for appellee.

*Ms. Alma Yaros,* for appellant.

REILLY, J. Appellant advances three propositions of law:

1. "It is a denial of due process of law for a trial court to overrule a motion

to suppress the in-court identification of the defendant and permit identification testimony, when the totality of the evidence establishes that the pre-trial, pre-line-up photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

2. "The provisions of Revised Code 2945.71 *et seq.* are applicable to retrials, and therefore, a continuance of thirty days beyond the time requirements of R.C. 2945.71 is unreasonable where the appellant is confined and the reason for the continuance is to reduce the likelihood of overlapping jurors."

3. "A defendant in a state criminal trial has the right under the privilege against compulsory self-incrimination protected by the Fifth Amendment as made applicable to the states by the Fourteenth Amendment, upon request, to have the judge instruct the jury that the fact that the defendant did not testify cannot be considered for any purpose, the state trial judge having the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify."

As to appellant's first proposition of law, it is necessary to consider the totality of the circumstances surrounding the identification. *State* v. *Jackson* (1971), 26 Ohio St. 2d 74 [55 O.O. 2d 127], paragraph two of the syllabus. Moreover, it is fundamental that the weight of the evidence and credibility of witnesses are primarily for the trier of the facts. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O. 2d 366], paragraph one of the syllabus. This principle is applicable to suppression hearings as well as trials.

The trial court held that the appellant failed "*** to establish with sufficient preponderance here that there was any one-on-one confrontation prior to the lineup, ***." This determination is supported by evidence presented at the hearing. The eyewitness and the officer both denied that such a confrontation occurred. The officer also denied that a picture was taken as claimed by appellant. Further, the record shows that the eyewitness had a brief but unobstructed view of his assailant at the time of the robbery. Therefore, noting that there was conflict in the testimony, applying "the totality of the circumstances" standard, we do not find error by the trial court in not finding the identification unduly suggestive. Thus, appellant's first proposition of law is not well taken.

The issue presented in appellant's second proposition of law is whether he was denied a speedy trial when a retrial, following a mistrial because of a hung jury, is scheduled 29 days after the trial date. R.C. 2945.71 requires that an accused who is in jail in lieu of bail on the pending charge be brought to trial within 90 days after arrest. Appellant's first trial commenced 88 days after his arrest; the retrial began 120 days after arrest. R.C. 2945.72 provides that:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"***

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

The trial court correctly held that R.C. 2945.71 is not applicable to retrials. It is noteworthy that the statute does not include any reference whatever to retrials. The standard to be applied, therefore, is basically reasonableness under federal and state constitutions. Considering the facts of this case, the 29-day continuance was reasonable. Thus, appellant's second proposition of law is not well taken.

Finally, concerning appellant's third proposition of law, the decision of the United States Supreme Court in *Carter* v. *Kentucky* (1981), 450 U.S. 288, is controlling in this case and would require reversal, if proper request for an instruction had been made to the trial court. In *Carter,* the United States Supreme Court held, at page 305, that a "trial judge has the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify," and that a defendant has a right, under the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, to have the judge instruct the jury that defendant's failure to testify cannot be considered for any purpose (*id.* at 300). Thus, based on this decision, the trial court has a mandatory constitutional duty, upon proper request, to give such a requested instruction.

Consequently, this court must overrule the determination in *State* v. *Nelson* (1973), 36 Ohio St. 2d 79 [65 O.O. 2d 222], paragraph three of the syllabus, wherein it was held that it was discretionary with the trial judge whether to instruct the jury on the defendant's rights to elect not to testify. Since appellant's case was pending on appeal at the time of the *Carter* decision, this court must apply the rule as announced in *Carter. Linkletter* v. *Walker* (1965), 381 U.S. 618, 639.

Nevertheless, *Carter* requires such an instruction only "upon proper request." The record shows that appellant did not file a written special jury instruction request at the close of the evidence pursuant to Crim. R. 30. Since such a request must be in writing and made at the close of the evidence or at such earlier time as the court reasonably directs in order to be proper, appellant's request was not proper. Therefore, appellant was not entitled to the requested special instruction under *Carter,* concerning the jury's consideration of his failure to testify. Accordingly, appellant's third proposition of law is not well taken.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, Acting C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C.J.