OPINION
Plaintiff-appellant, the state of Ohio, appeals from a Warren County Court judgment entry granting a motion to suppress filed by defendant-appellee, Phillip Cox. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.
On July 2, 1998, at 12:49 a.m., Trooper Dennis Gorski of the Ohio State Highway Patrol observed appellee driving northbound on Interstate 71 in Warren County, Ohio. Appellee was driving a black Jaguar in the left lane of traffic. Trooper Gorski had received a call from a dispatcher alerting him that there had been a telephone report of a possible drunk driver travelling in a black Jaguar heading northbound on Interstate 71. Trooper Gorski noted that appellee was travelling at approximately fifty m.p.h. in a sixty-five m.p.h. speed zone. There were no adverse weather conditions. Trooper Gorski followed appellee for about one mile and saw the Jaguar "weaving down the road." Trooper Groski explained, "the Jaguar was in the left lane and I observed the Jaguar weave left out of this lane, which means he went left of the white line and then he weaved into the right lane."
After Trooper Gorski activated his pursuit lights, appellee pulled over off the right-hand side of the road. Appellee was asked to perform sobriety tests and then was charged with driving while under the influence of alcohol ("DUI"), a violation of R.C.4511.19(A)(1) and (3). Appellee was also charged with a lane violation.
Appellee filed a motion to suppress, which was granted by the trial court. The state filed this timely appeal, raising a sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE INVESTIGATIVE STOP OF THE DEFENDANT'S VEHICLE WAS VALID UNDER THE FOURTH AND FOURTEENTH AMENDMENTS.
The state argues that it was error for the trial court to grant appellee's motion to suppress because appellee's constitutional rights were not violated during Trooper Gorski's investigative stop.
When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them. State v.Williams (1993), 86 Ohio App.3d 37, 41. Relying on the trial court's factual findings, the reviewing appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
Trooper Gorski testified that he directed appellee to stop at the side of the road after observing appellee's erratic driving. Appellee was subsequently charged with a violation of R.C.4511.33, in addition to DUI.
R.C. 4511.33 states in relevant part the following:
 (A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
The Supreme Court of Ohio has held the following:
 Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.
Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus (followingUnited States v. Ferguson [C.A.6, 1993], 8 F.3d 385). Even if a law enforcement officer has other motivations, traffic stops based on probable cause are not illegal. Id. at 10.
In the case sub judice, the trooper observed appellee's vehicle cross the lane line to appellee's left and then cross the lane line to appellee's right. This failure to operate the vehicle within a marked lane provided a sufficient basis for stopping appellee. See State v. Wilhelm (1998), 81 Ohio St.3d 444. Because the trooper had probable cause to believe that appellant had violated a traffic law, the stop was reasonable and the evidence obtained as a result is admissible. See State v.Whren (1996), 517 U.S. 806, 819, 116 S.Ct. 1769, 1777.
The state raises two additional arguments under its assignment of error. The state claims that the investigative stop was legal because the facts known to Trooper Gorski, combined with his observations of appellee's driving, were sufficient to give the trooper reasonable suspicion that appellee was driving a motor vehicle while under the influence of alcohol. The state also asserts that the investigative stop was legal because Trooper Gorski corroborated the tip of a citizen informant before initiating the stop. Because we have already determined that the investigative stop was reasonable and the evidence obtained from it admissible against appellee, we need not address these additional arguments put forth by the state.[1]
We find that the trial court committed error by granting appellee's motion to suppress. The state's assignment of error is sustained.
Judgment reversed and remanded.
POWELL, P.J., and WALSH, J., concur.
[1] We have reviewed the United States Supreme Court case,Florida v. J.L. (2000), ___ U.S. ___, 120 S.Ct. 1375, and find it is distinguishable from this case.