Judgment affirmed.
 DECISION AND JOURNAL ENTRY
Defendant, Stephen Evans, has appealed from his conviction by the Summit County Court of Common Pleas for preparation of drugs for sale, menacing, and open container. We affirm.
On June 24, 1999, Defendant was indicted on one count of preparation of marijuana for sale, in violation of R.C. 2925.07; one count of menacing, in violation of R.C. 2903.22; and open container, in violation of R.C. 4301.62. On July 15, 1999, Defendant moved to suppress all evidence in the case on the grounds that said evidence was illegally obtained and was the fruit of an unconstitutional search and seizure. Following a hearing, the motion to suppress was denied. On August 9, 1999, Defendant pled no contest to the crimes as charged. Defendant was sentenced to one year incarceration for the crime of preparation of marijuana for sale, thirty days imprisonment for the crime of menacing, and ordered to pay a fine of one hundred dollars for the crime of open container. Defendant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court committed error prejudicial to [Defendant] by finding that Officer Hammond had a reasonable suspicion based on specific and articulable facts that [Defendant] had engaged in criminal activity pursuant to Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 Defendant has argued that he was unlawfully stopped and therefore the evidence obtained as a result of the stop should have been suppressed. We disagree.
When deciding a motion to suppress evidence, the trial court serves as the trier of fact and judges the credibility of witnesses and the weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 20. An appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence. State v. Williams (1993),86 Ohio App.3d 37, 41. Accepting the factual findings, this court must independently determine as a matter of law if the minimum constitutional standard has been met. Id.
An individual may be stopped by a police officer to investigate unusual behavior if the officer reasonably suspects that the individual is engaged in criminal activity. State v.Andrews (1991), 57 Ohio St.3d 86, 87, citing Terry v. Ohio (1968),392 U.S. 1, 20 L.Ed.2d 889. The reasonable suspicion required for a valid investigatory stop is less stringent a requirement than that mandated under a probable cause standard. Alabama v. White
(1990), 496 U.S. 325, 330, 110 L.Ed.2d 301, 309.
On June 19, 1999, Officer Hammond observed Defendant receive a parking citation for parking across a sidewalk. At the time Defendant received the citation, the vehicle he was driving was parked on the south side of Copley Road facing north. His car was located in the driveway of an abandoned lot that was surrounded by a fence. Defendant's vehicle was parked directly in front of the fence covering the driveway. Copley Road runs east to west in front of this lot. Following the issuance of the traffic citation, Officer Hammond observed Defendant revving his engine. At that point, the officer shone his spotlight upon Defendant to alert him that he was being watched. Defendant continued to rev his engine. He then pulled out of the driveway, turned left onto Copley Road and started to travel westbound on Copley. Seeing that Defendant had failed to use his turn signal prior to turning left, Officer Hammond activated his overhead lights and initiated a traffic stop for violation of Akron City Code 72.15.[1]
After Officer Hammond issued Defendant his citation, Defendant became argumentative and threatening to the officer. Defendant stated that after he was done signing the citation, he wanted to "smoke ya'lls ass." At that point, Defendant was placed under arrest. While securing the vehicle, the police found an opened twelve-ounce can of Budweiser in the center console of the vehicle. When the officers searched Defendant pursuant to his arrest, the officers found a baggie containing fourteen individually packaged baggies of marijuana ready for sale.
In Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus, the Supreme Court of Ohio stated that if a police officer has probable cause for a traffic violation, a stop is justified under theFourth Amendment to the United States Constitution. Pursuant to Akron City Code 72.15,
 (A) No person shall turn a vehicle or move right or left on a street or highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
 (B) When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.
 Accord R.C. 4511.39. The Commentary provided by the Legislative Service Commission to R.C. 4511.39 explained that "a signal * * * be given not only before making a right or left turn, but also before changing lanes, passing another vehicle, or pulling into or out of a parking place."
Defendant has first argued that this section is inapplicable to him as he was not changing lanes, nor was he turning from a location where he needed to signal those behind or in front of him to alert them to his turn. In support of his argument, he has pointed to testimony of the police officer that no one was forced to swerve or placed in danger by his failure to signal. This argument is without merit.
Both Akron City Code 72.15 and R.C. 4511.39 have two parts to the requirement for turning. The first requirement is that the turn must made with due care in order to assure that it can be completed safely. The second part requires that the driver signal before turning. Assuming that Defendant complied with the first portion of this section, Defendant has admitted that he failed to signal prior to turning. Therefore, Defendant was in violation of Akron City Code and Ohio Revised Code provisions.
Defendant has next argued that because he was unable to signal for one hundred feet before turning, this section is inapplicable to him and thus because he turned safely, he was unlawfully stopped. We disagree. In State v. Howell (Feb. 22, 1999), Clinton App. No. CA98-07-019, 1999 Ohio App. LEXIS 553, the Twelfth District Court of Appeals found that when a signal can not be made one hundred feet prior to turning, the signal should be made as soon as reasonably possible in order to insure "due care" and "reasonable safety." Id. at *5. Because Defendant did not ever signal, he did not act to insure due care to those vehicles traveling on Copley Road as he did not signal to alert them that he would be turning across a lane of traffic.
Based upon the foregoing information, Officer Hammond had sufficient evidence to support a reasonable suspicion that Defendant was engaging in criminal activity. Therefore, Defendant was lawfully stopped. Because Defendant was lawfully stopped, Defendant's motion to suppress was properly denied. Defendant's assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________ LYNN C. SLABY
WHITMORE, J., QUILLIN, J., CONCUR.
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Akron City Code 72.15 contains almost identical language to that contained in R.C. 4511.39.