DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Sandusky County Court of Common Pleas. Following the return of a jury verdict, appellant was found guilty of rape, attempted rape, and gross sexual imposition. Because we conclude that the trial court improperly admitted the results of a polygraph examination, we reverse.
In November 1997, appellant, Gregory D. Rucker, was indicted by the Sandusky County Grand Jury on five counts of rape, in violation of 2907.02(A)(2), and two counts of sexual battery, in violation of 2907.03(A)(5).[1] The charges stemmed from alleged incidents involving his stepdaughter, Amber M., age eighteen at the time of trial, but a minor at the time of the incidents. Appellant pled not guilty. Prior to trial, appellant and the prosecution entered into two written stipulations that Amber and appellant would submit to polygraph testing but "inconclusive" results would void the stipulations, prohibiting the admission of the results at trial. The stipulations also provided that the state could choose the examiner.
Appellant and Amber were tested; both tests resulted in "inconclusive" findings. The state, however, then arranged to have Amber re-tested. This time, according to the examiner, she told the truth. Appellant did not take a second test. When the state indicated it intended to use the results from both tests, appellant objected, stating that the first inconclusive results voided the stipulations. The trial court, however, interpreted the agreement to include more than one test and overruled appellant's objections to the admission of Amber's second test results.
At trial, the first witness was Denise McClintock, Amber's mother. She testified regarding Amber's disclosure of appellant's alleged inappropriate sexual advances. McClintock stated that she had never seen any such actions, but had often worked the night shift, leaving appellant in charge of her children.
Amber then testified that appellant had begun touching her inappropriately when she was about nine years old. After disclosing the incidents to her mother, the childrens services agency investigated, but found the claim unsubstantiated. As time went on and she matured physically, Amber testified that appellant's advances escalated to the grabbing of her private body areas, as well as appellant making sexual comments. She also testified that appellant had sexual intercourse with her two times: once in the basement of one of the residences and another time that she could not specifically remember. She acknowledged disclosing appellant's actions to a teacher. However, the statement written down by the teacher contained several inconsistencies, including the allegation that appellant had intercourse with her five times. Other inconsistencies were also presented on cross-examination.
Amber's testimony was interrupted during her cross-examination when the state requested to have the polygraph expert testify out of order to accommodate his schedule. Appellant's counsel did not object.
The polygraph examiner, who was presented as an expert witness, testified that he conducted tests on Amber and appellant. The examiner testified as to the method used, how the tests were conducted, and his qualifications. According to the examiner, the first test for Amber and appellant resulted in an "inconclusive" finding. Based upon the examiner's recommendation, Amber was tested a second time. Using slightly different questions, the examiner testified that a "truthful" result was obtained.
Amber then resumed and finished her testimony. Prior to the close of the evidence, the charges were amended to include two counts of rape, one count of attempted rape, and two counts of gross sexual imposition. The state then rested. Appellant offered no witnesses or evidence in defense. The jury found appellant not guilty of one count of rape, but guilty on the other four counts of rape, attempted rape, and gross sexual imposition.
Appellant now appeals, setting forth the following five assignments of error:[2]
"AMENDMENTS TO ASSIGNMENT OF ERROR I
 "The defendant was denied his right to effective assistance of counsel by his trial counsel's entering into a written stipulation for polygraph examination of the alleged victim that failed to meet the strict requirements of State v. Souel (1978), 53 O.S. [sic] 2d 123, 437 N.E.2d 583 [372 N.E.2d 1318], and by his failure to object to the admission of the results of a second test that exceeded the scope of said agreement, and to hearsay testimony accompanying said second examination; and that his counsel's representation failed to meet an objective standard of reasonable representation with a result of prejudice in contravention of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section X of the Ohio Constitution.
"AMENDMENTS TO ASSIGNMENT OF ERROR II
 "The trial court committed error prejudicial to the defendant and abused its discretion by admitting into evidence the results of a second polygraph examination when that test exceeded the scope of the written stipulation of the parties and by allowing hearsay testimony regarding the opinion of another polygrapher [sic] examiner who supposedly reviewed the test results and concurred with the opinion of the state expert.
"SUPPLEMENTAL ASSIGNMENT OF ERROR III
 "The trial court erred by allowing the State to bolster the complaining witness's [sic] testimony with the results of a polygraph test before counsel had an opportunity to fully cross-examine the witness. Counsel was ineffective for failing to object to the interruption of cross-examination and the bolstering. These errors denied Mr. Rucker of his Fifth and Sixth Amendment rights under the United States Constitution and violated Section 10, Article I of the Ohio Constitution.
"SUPPLEMENTAL ASSIGNMENT OF ERROR IV
 "Trial counsel rendered ineffective assistance of counsel by failing to adequately cross-examine the state's polygraph expert furthering the unacceptable risk the jury would take the polygraph evidence as infallible.
"SUPPLEMENTAL ASSIGNMENT OF ERROR V
 "Trial court plainly erred in failing to set forth jury instructions that adequately protected against the jury's over-reliance on polygraph evidence. Trial counsel was ineffective for failing to object to the jury instructions as rendered."
 I.
We will first address appellant's second assignment of error in which he argues that the polygraph test results were improperly admitted into evidence over appellant's objections.
The admission or exclusion of evidence is generally left to the discretion of the trial court. State v. Maurer (1984),15 Ohio St.3d 239, 265. Polygraph results may be admitted for corroboration or impeachment if all parties sign a written stipulation as to the admission of the graphs and the examiner's opinion, and if the trial court then finds that the examiner is qualified and the test was properly conducted. State v. Souel
(1978), 53 Ohio St.2d 123, at the syllabus.
In this case, the parties agreed to the admission of the results of polygraph tests taken by appellant and the witness, unless such tests showed an "inconclusive" result. The agreement provides that if
 "any person administering such test pursuant to this Entry determines the results of such test to be `inconclusive' as to deception, or lack thereof, on the part of the Defendant, then such `inconclusive' test shall not be the subject of any testimony whatsoever and this entire `Entry on Stipulation of Use of Polygraph Test' shall be set aside and held for naught." (Emphasis added.)
Furthermore, the agreement designated as "ENTRY ON STIPULATION OF USE OF POLYGRAPH TEST," states that the examiner may choose to delay the test if reliability is in question. Contrary to the trial court's interpretation, we believe the agreement contemplates only one test per each participant and does not permit successive retests.[3] While the agreement provides that a test may be delayed or stopped entirely and rescheduled, it does so only if the examiner determines that the subject could not give a reliable test on the scheduled date and time. Amber's second test was performed, not because the first was deemed unreliable, but because the results were "inconclusive" and the examiner wanted to do a retest. Consequently, any test done after the "inconclusive" test was not covered by the stipulation entered into by the parties. Since the state's case rested on the credibility of Amber's testimony, we conclude that the improper admission of the polygraph test was an abuse of the trial court's discretion and constituted reversible error.
Accordingly, appellant's second assignment of error is well-taken.
Due to our determination of appellant's second assignment of error, appellant's remaining four assignments of error are rendered moot.
The judgment of the Sandusky County Court of Common Pleas is reversed and remanded for a new trial. Court costs of this appeal are assessed to appellee.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., CONCUR.
[1] Appellant was also indicted on one count of possession of cocaine, in violation of 2925.11, which was severed for purposes of trial.
[2] Appellant's first appointed appellate counsel withdrew after filing his brief, due to a conflict of interest with his employment. Appellant's second appointed counsel was given leave to file an amended brief, which included additional arguments and assignments of error. We will address the arguments as presented by appellant's amended brief.
[3] The majority of the agreement throughout refers to a "test," in the singular. The trial court interpreted the phrase "series of interviews and tests employing such device" to include more than one complete polygraph test. However, a close reading of the stipulation reveals that this phrase simply described the various pre-tests, and sample questions utilized prior to administration of the final set of questions from which the results could be read. Under the trial court's interpretation, the participants would be permitted to take as many complete polygraph tests as desired and appellant could have been required to submit to a retest as well. Such an agreement would negate the safeguards of State v. Souel (1978),53 Ohio St.2d 123.