OPINION
FS Associates is appealing from a declaratory judgment stating that the City of Beavercreek had the right to enter FS Associates' property to conduct surveys and examinations pursuant to R.C. 163.03 and the denial of its motion for an injunction to prevent the City of Beavercreek from such entry.
FS Associates (hereinafter "FS"), an Ohio partnership, owns a parcel of property located at the intersection of State Route 35 and North Fairfield Road in the City of Beavercreek (hereinafter "Beavercreek"). Beavercreek has for several years contemplated appropriating this property in order to make improvements to the intersection. On September 10, 1999, Beavercreek issued a notice to FS that a firm hired by the city would be entering FS' property to perform field survey work and to take soil borings in pursuit of a proposed interchange improvement, which would require the appropriation of FS' property. However, the notice also stated that the Ohio Department of Transportation (hereinafter "ODOT") would be contacting FS regarding the appropriation of the property. FS responded that since ODOT was the agency appropriating the property, only ODOT or its agents could enter FS' property and perform field work in preparation for an appropriation under R.C. 163.03. Thus, FS refused to allow Beavercreek to enter its property.
Initially, Beavercreek and ODOT believed that Beavercreek was the appropriating agency and thus was authorized by R.C. 163.03 to enter the property to conduct the necessary tests. Upon further study, ODOT determined that it was the appropriating agency. During this period of confusion, FS filed a lawsuit on November 12, 1999 seeking a declaratory judgement on whether Beavercreek had the right to enter its land and an injunction to prevent the entry. Before a magistrate, Beavercreek argued that it was authorized to enter FS' property under two theories. First, that Beavercreek, as a governmental agency with authority under R.C.719.01 to appropriate this property, was permitted to enter the property and conduct the necessary tests for an appropriation under R.C. 163.03. Second, that Beavercreek was authorized as an agent of the appropriating agency, ODOT, by a letter from Douglas Raters, a District 8 Real Estate Engineer for ODOT. Therefore, Beavercreek argued it was authorized to enter the property as an agent of the appropriating agency.
FS argued that only the appropriating agency or its agents were authorized by R.C. 163.03 to enter the property to perform the necessary tests. Further, FS argued that Beavercreek was not the agent of ODOT because R.C. 5521.04 requires that the Director of Transportation approve a request for cooperation by a municipality and since the Director of Transportation never countersigned the request, ODOT never accepted an agreement to work on the project. Since Mr. Raters had no authority to appoint or designate agents on behalf of ODOT and has never done so in the past, FS argues that no agency relationship existed between ODOT and Beavercreek.
The magistrate held a hearing and on January 10, 2000, issued his decision finding that R.C. 163.03 authorized "any agency" as defined in R.C. 163.01 to enter property to conduct necessary surveys and tests. Since Beavercreek met the definition of an "agency" as defined in R.C. 163.01, the court declared that it was authorized to enter FS' property under R.C. 163.03. Since the magistrate found Beavercreek was authorized by R.C. 163.03 to enter the property, the magistrate did not determine if Beavercreek was an agent of ODOT. Thus, the magistrate denied FS' motion for an injunction. FS filed objections to the magistrate's decision and on March 10, 2000, the trial court overruled the objections and adopted the magistrate's decision. FS then filed this timely appeal.
On appeal FS asserts the following assignments of error:
 1. The lower court erred as a matter of law in holding that R.C. 163.03 has no qualifying language, and therefore declaring that Beavercreek (and any other entity meeting the definition of an "agency" under R.C. 163.01), can, at any time, enter the land of FS (or any other private citizen), even though Beavercreek is neither the appropriating agency, nor the duly appointed or designated agent of the appropriating agency.
 2. The lower court erred as a matter of law, and its Decision is further against the manifest weight of the evidence, in failing to hold that Beavercreek has no right to enter FS' land, and in failing to grant FS an injunction prohibiting such entry by Beavercreek.
FS argues that the lower court's holding that R.C. 163.03
authorizes any entity that meets the R.C. 163.01 definition of "agency" to enter and conduct necessary tests on private property is too broad. We agree.
In reviewing a trial court's decision, we note that the trial court is the primary judge of credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,20. If the trial court's findings are supported by competent and credible evidence, we must support those findings. State v.Williams (1993), 86 Ohio App.3d 37, 41.
In this case, we must examine whether R.C. 163.03 places qualifiers on which agencies may enter lands and premises to perform necessary tests. R.C. 163.03 provides:
 Any agency may, upon the notice prescribed in this section, prior to or subsequent to the filing of a petition pursuant to section 163.05 of the Revised Code, enter upon any lands, waters, and premises for the purpose of making such surveys, soundings, drillings, appraisals, and examinations as are necessary or proper for the purpose of the agency under sections 163.01 to 163.22, inclusive, of the Revised Code, and such entry shall not constitute a trespass.
R.C. 163.03 (emphasis added).
The definition section of the statute provides that "agency" means any public or private agency "authorized by law to appropriate property in the courts of this state." R.C. 163.01
(A). Additionally, the statute defines "land" or "property" as "any estate, title, or interest in any real property which is authorized to be appropriated by the agency in question." R.C.163.01 (D).
 The Eighth District Court of Appeals in Cleveland Bakers Union Local No. 19 Pension Fund v. State Department of Administrative Services-Public Works (1981), 3 Ohio App.3d 57, 61, held that R.C. 163.03 must be read in pari materia with R.C. 163.02-163.05. Upon examining the statute provision "for the purpose of the agency under sections 163.01 to 163.22," the Cleveland court found that the agency entering the property under R.C. 163.03 must be doing so for the purpose of obtaining information the agency needs for an appropriation, such as a description of the property or the fair market value of the property, or determining whether appropriation of the property by the agency is necessary. Id. at 60-61. Finding that R.C. 163.01 to R.C.163.22 provide the method state agencies must follow in appropriating property for public use, the Cleveland court examined R.C. 163.04 and R.C. 163.06, which require the agency to know the value of the property, R.C. 163.05, which requires a description of the property, and R.C. 163.09, which requires that an agency know whether appropriation of the property is necessary, in reaching its conclusion. Id. Additionally, the Cleveland court stated that if an entry was made for another purpose, an appropriate remedy was an injunction. Id. at 61.
According to the magistrate's decision in this case, any public or private agency which is authorized by law to appropriate land in the courts of this state is authorized by R.C. 163.03 to enter any lands, waters, or premises to perform surveys and other examinations. Even Beavercreek appears to concede in its brief that this would be too broad a definition of agency. Beavercreek argues that since R.C. 163.01 (D) defines "lands" as those which are authorized to be appropriated by the agency in question, then "any agency" in R.C. 163.03 means any agency who is authorized to appropriate the land in question. However, FS argues that only the appropriating agency is authorized by R.C. 163.03 to enter the property in question. We agree with FS that the magistrate's definition of "agency" is too broad; however, we disagree that only the appropriating agency may under R.C. 163.03 enter the property in question to perform surveys or examinations.
Although R.C. 163.03 begins "any agency," the magistrate erroneously placed too great an emphasis on these two words and ignored the remainder of the sentence which qualifies the words. R.C. 163.03 states that the agency must be acting "for the purpose of the agency under sections 163.01 to 163.22," which describes the methods for state agencies to appropriate property. R.C.163.03. As a result of the modifying clause in R.C. 163.03, the magistrate's decision is too broad because it does not limit "agency" to those agencies which are acting for the purpose of possibly appropriating the property in question.
Yet, due to the clause in R.C. 163.03 which states, "prior toor subsequent to the filing of a petition pursuant to section163.05 of the Revised Code," we cannot agree with FS that only those agencies which have begun the appropriating procedures can Cqualify as an "agency" under R.C. 163.03. Id. (emphasis added). This clause of the statute specifically provides for an entity which is considering appropriating the property to enter the property to conduct surveys in order to determine if appropriation is necessary or feasible prior to filing the petition for appropriation. As to this aspect, we agree with the statement in the magistrate's decision that R.C. 163.03 provides for entry on the premises to those agencies who are contemplating appropriating property before having begun any official action.
Thus, after examining R.C. 163.03 we conclude that in order to qualify as an "agency" under R.C. 163.03, the entity must meet three qualifications:
 1. The entity must meet the definition of "agency" under R.C. 163.01 (A),
 2. The entity must be authorized to appropriate this property in question in accordance with R.C. 163.01 (D), and
 3. The entity must be appropriating or considering appropriating the property in question.
Although Beavercreek was found at the trial court level to have met the first prong and both parties agree that the second prong is met, Beavercreek does not meet the third prong of this test. Beavercreek concedes in its brief that R.C. 163.03
"specifically limits its authorization to those governmental agencies or entities acting on their behalf (i.e. engineering firms) that are entering the land for the purpose of futurepossible appropriation." Appellee's brief, 11 (emphasis added). However in this case, Beavercreek was not contemplating appropriating the property itself but rather Beavercreek's mayor admitted at the hearing that the State of Ohio was appropriating the property. Jan. 21, 2000, Tr. 19-20. Thus, Beavercreek was not considering appropriating the property itself because it knew ODOT was already doing so. As Beavercreek was neither appropriating nor considering appropriating FS' property itself, Beavercreek was not authorized by R.C. 163.03 to enter FS' property to conduct surveys and examinations. If Beavercreek was authorized to enter FS' property, the authority must come from another source, such as an agency relationship with an agency authorized by R.C. 163.03.
As to whether Beavercreek was authorized as an agent of ODOT to enter FS' property, the magistrate did not make a finding. The magistrate only stated, "Although in many situations the agency entering the property will have a true agency relationship with the appropriating party, the statute imposes no such requirement by its terms. The Court finds no compelling reason to insert such a requirement." Therefore since the magistrate held that R.C. 163.03 permitted Beavercreek's entry on to FS' property, the magistrate did not attempt to determine whether Beavercreek was an agent of ODOT. Therefore, we remand the case for the trial court to determine whether Beavercreek was authorized to enter FS' property through an agency relationship with ODOT.
We do not agree with the lower court that Beavercreek was authorized by R.C. 163.03 to enter FS' property. Thus, the first assignment of error is sustained and the trial court's judgment is reversed and remanded.
The second assignment of error, that the lower court's judgment was against the manifest weight of the evidence, need not be addressed since we reverse the judgment based on the first assignment of error.
 __________________________ FREDERICK N. YOUNG, J.
BROGAN, J. and WOLFF, J., concur.