[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, defendant-appellant, Roland Tolbert, contests the trial court's decision to overrule his motion to suppress evidence. We conclude that the assignment is not well taken and affirm the judgment pursuant to which Tolbert was convicted of possession of cocaine.
Tolbert complains that, at the suppression hearing, the trial court limited his counsel's cross-examination of a police officer regarding the location of the officer's covert surveillance. The error is not demonstrated in the record. In fact, the record discloses that, while the court had initially limited questioning regarding the covert location, the court concluded that it would rule in the defendant's favor on the issue because "the defense has a right to explore the opportunity that the officer had to see what she testifies she saw." Despite the court's ruling, defense counsel asked no further questions regarding the officer's location.
Tolbert also argues that the trial court erred in finding that he had voluntarily consented to a search of his person by the police. A search conducted pursuant to a valid consent is constitutional where the consent has been freely and voluntarily given.[1] At a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact.[2] The trial court, as the trier of fact in this case, was entitled to believe the testimony of the arresting police officer that Tolbert had consented to the search of his person.[3]
Further, our review of the record convinces us that there was an appropriate basis for the trial court's determination that the consent to search had been voluntarily given.[4]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.
[1] See Schneckloth v. Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041;State v. Wright (Feb. 14, 1996), Hamilton App. No. C-950250, unreported.
[2] See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972,982, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583,584.
[3] See State v. Hollins (Mar. 30, 2001), Hamilton App. No. C-000344, unreported; Mills, supra.
[4] See Hollins, supra.