[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Hamilton Municipal Court in which the state of Ohio appeals the grant of a motion to suppress evidence made on behalf of defendant-appellee, Gary Smith.[1]
In its sole assignment of error, the state contends that Smith's arrest for driving while under the influence of alcohol ("DUI") was supported by probable cause and that the trial court erred by granting the motion to suppress.
When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence.State v. Fanning (1982), 1 Ohio St.3d 19, 20. If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them. State v. Williams (1993),86 Ohio App.3d 37, 41. Relying on the trial court's factual findings, the reviewing appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard."State v. Anderson (1995), 100 Ohio App.3d 688, 691.
In determining whether the police had probable cause to arrest an individual for DUI, a court considers whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. State v. Homan (2000), 89 Ohio St.3d 421, 427, citing Beckv. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. In making this determination, a court reviews the totality of facts and circumstances surrounding the arrest. Homan at 427.
In this case, the trial court made factual findings regarding the circumstances of Smith's arrest and determined that the arresting law enforcement acted without probable cause. We find that the trial court's factual findings are supported by competent and credible evidence and the trial court properly applied the appropriate legal standard in this case. Therefore, we must affirm the judgment of the trial court. The assignment of error is overruled.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Judge, and Anthony Valen, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.