{¶ 16} I dissent, because I would construe Armstrong's petitions to this court to be a petition for habeas corpus or, in the alternative, a petition for an alternative writ of mandamus. I would issue an alternative writ, because I perceive a Sixth Amendment violation in the making, for which no adequate remedy is available.
 {¶ 17} For no good reason that is apparent in the record, Armstrong is in his second year of sitting in jail, awaiting a retrial, with no prospect that he is ever going to see the inside of a courtroom. Our system of justice is offended when an accused lingers in jail interminably. As stated by the United States Supreme Court, "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."[1] This principle is embodied in Section 10, Article I, of our Ohio Constitution, which guarantees an accused the right to a "speedy public trial."
 {¶ 18} The United States Supreme Court has made it clear that "the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment."[2] The fundamental right to a speedy trial also applies to retrials.[3] That court has also stated that "postaccusation delay [is] `presumptively prejudicial' at least as it approaches one year."[4] The fact that Armstrong is now in his second year of delay of his retrial makes his need for an alternative writ manifest.
 {¶ 19} Moreover, I am persuaded by the reasoning of the First Appellate District that, while R.C. 2945.71 is not applicable to retrials, the Ohio Speedy Trial Statute "nevertheless serves to provide useful guidelines to evaluate what constitutes a `reasonable time' for constitutional speedy-trial purposes."[5] Had this been an initial prosecution against Armstrong instead of a retrial, the speedy trial provisions of R.C. 2945.71 would have been invoked by him to dismiss the charges against him. The fact that the instant prosecution is a retrial does not diminish the societal concerns to provide a speedy trial.
 {¶ 20} Nor am I persuaded that this court should deny Armstrong a writ of habeas corpus because he has not attached a copy of his bail decision to his petition for habeas corpus. This requirement does not appear to be jurisdictional inasmuch as the trial court could very well take judicial notice of its own bail decision.
 {¶ 21} As for not being able to raise the speedy trial issues in a habeas corpus petition, an accused who sits in jail with no end in sight has no adequate remedy but to file for a writ of habeas corpus. There is no solace to the accused or to our system of justice if the accused is told that he will have an adequate remedy on appeal of his conviction if the trial is delayed interminably.
 {¶ 22} For the above reasons, I believe that an alternative writ should be issued.
[1] Barker v. Wingo (1972), 407 U.S. 514, 519.
[2] Klopfer v. North Carolina (1967), 386 U.S. 213, 223.
[3] Id. at syllabus.
[4] Doggett v. United States (1992), 505 U.S. 647, 652, fn. 1.
[5] State v. Echols (2001), 146 Ohio App.3d 81, 91, citingState v. Fanning (1982), 1 Ohio St.3d 19, 21.