JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Brent Benton appeals from the decision of the Cuyahoga County Court of Common Pleas to deny his motion to suppress. Finding no merit to the appeal, we affirm.
 {¶ 2} During the evening of August 9, 2005, members of the Cleveland Police Department Second District Vice Unit were checking the area of W. 25th Street, Scranton Avenue, and Clark Avenue for drug activity. At approximately 10:00 p.m., Sergeant Thomas Shoulders observed two males walking on the south side of Clark Avenue westbound from Scranton to W. 25th Street. Both men walked past Clark Automotive and went into the Forest City Auto Parts parking lot. The stores were not open for business.
 {¶ 3} Sgt. Shoulders testified that he saw a mini van driven by a female pull into the lot and watched James Holston, the co-defendant, approach the mini van and speak with the woman. Holston walked back to Benton, had a conversation, and then Benton handed Holston something. Holston ran back to the mini van and made a hand-to-hand exchange with the woman. Holston returned to Benton and handed him U.S. currency. The mini van drove away, and both men walked away.
 {¶ 4} Sgt. Shoulders radioed Detective Neal Hutchinson and Detective Joseph Bovensi, who were waiting in the "take down" vehicle. Sgt. Shoulders gave a description of the males and their location and told the detectives to check the two males because it looked as if they were selling drugs. *Page 4 
 {¶ 5} Det. Hutchinson explained that he and Det. Bovensi were in an unmarked detective vehicle for the purpose of making arrests for the officers who are in undercover vehicles. The officers in the undercover vehicles direct them as to when to make arrests. On that night, Sgt. Shoulders observed a suspected drug transaction and directed Det. Hutchinson and Det. Bovensi to pick up the two male suspects.
 {¶ 6} Det. Hutchinson testified that they arrested Holston first, and within a minute, they arrested Benton. Benton and Holston were placed in handcuffs and placed in the back of the vehicle. While they were being transported to the second district police station, Benton tried to throw something out of the window. Det. Hutchinson stopped the vehicle, and Det. Bovensi retrieved a bag of crack cocaine from Benton's hand.
 {¶ 7} Benton was charged with one count of possession of drugs, a felony of the third degree, one count of drug trafficking, a felony of the third degree, and one count of possession of criminal tools, a felony of the fifth degree. After the motion to suppress hearing, Benton pled no contest and was found guilty as charged. Benton appeals, advancing one assignment of error for our review.
 {¶ 8} Benton's sole assignment of error states the following:
 {¶ 9} "The trial court erred when it denied appellant's motion to suppress."
 {¶ 10} Benton argues that the trial court should have granted his motion to suppress because Det. Hutchinson and Det. Bovensi did not have probable cause to *Page 5 
make an arrest. Furthermore, Benton asserts that the trial court incorrectly combined the concepts of reasonable suspicion and probable cause.
 {¶ 11} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,154-155, 2003-Ohio-5372. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Id., citing State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id., citing State v. Fanning (1982), 1 Ohio St.3d 19. Accepting these facts as true, this court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. Id., citing State v. McNamara (1997), 124 Ohio App.3d 706. In this case, the trial court found "based upon the facts as presented to the court, what we have here, * * *, it's a hand-to-hand transaction, which instead of involving two people happens to involve either what you could call the middleman or this is a three-person exchange." The trial court went on to say that there was a seizure in this case but no search. The trial court drew the conclusion that "the seizure was incident to a lawful arrest based upon reasonable suspicion and probable cause." *Page 6 
 {¶ 12} We agree with Benton that the trial court combined and confused "reasonable suspicion" and "probable cause." Nevertheless, we find the trial court's conclusion to be correct.
 {¶ 13} In Terry v. Ohio, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot."Terry v. Ohio (1968), 392 U.S. 1, 9; see, also, State v. Andrews (1991),57 Ohio St.3d 86. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. See, Terry, 392 U.S. at 27. Reasonable suspicion allows for a brief investigative stop, which is something short of an arrest.
 {¶ 14} The Ohio Supreme Court has established a four-part test to determine whether a person is under arrest. State v. Darrah (1980), 64 Ohio St.2d 22. An arrest occurs when there is "(1) [a]n intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." (Citations omitted.) Id. at 26.
 {¶ 15} Each of the four prongs is present in this case. The detectives approached Benton with the intent to place him under arrest and acted with real authority. The detectives detained Benton by placing him in handcuffs and putting *Page 7 
him in the back of their car. The fourth and final factor can only be presumed by the facts herein, because Benton did not testify during the motion to suppress hearing. However, Benton complied with the detectives and did not attempt to leave. The proper inference to be drawn from such conduct is that Benton understood the implications of his arrest. SeeState v. Isabell, Cuyahoga App. No. 87113, 2006-Ohio-3350.
 {¶ 16} Because the actions of the detectives amounted to an arrest, and not merely a brief investigatory encounter, we must now determine whether probable cause existed for Benton's arrest. A warrantless arrest is valid if the arresting officer possessed probable cause to believe that the suspect committed an offense. State v. Schlick (Dec. 7, 2000), Cuyahoga App. No. 77885, citing Beck v. Ohio (1964), 379 U.S. 89, 91. Probable cause to arrest exists if reasonably trustworthy facts and circumstances within the officer's knowledge would warrant a prudent person to believe that the individual had committed or was committing an offense. Id.; State v. Otte (1996), 74 Ohio St.3d 555, 559,1996-Ohio-108. A police officer may draw inferences based on his own experience in deciding whether probable cause exists. State v.Torres, Cuyahoga App. No. 86530, 2006-Ohio-3696, T|22; see, e.g.,United States v. Ortiz (1975), 422 U.S. 891, 897. A reviewing court should examine the "totality of the circumstances" when determining whether probable cause to arrest exists. Illinois v. Gates (1983),462 U.S. 213, 230-31. *Page 8 
 {¶ 17} In this case, Sgt. Shoulders witnessed a hand-to-hand transaction, and in accordance with his years of experience and the totality of the circumstances surrounding the exchange (high drug area, at night, in a parking lot where the stores were closed), he ordered Det. Hutchinson and Det. Bovensi to arrest Benton and Holston. Det. Hutchinson and Det. Bovensi had trustworthy information from Sgt. Shoulders that a crime had been committed; therefore, probable cause existed to place Benton and Holston under arrest. Accordingly, we find that the trial court properly denied Benton's motion to suppress, and overrule his sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, JUDGE
 FRANK D. CELEBREZZE, JR., A. J., and *Page 9 
 JAMES J. SWEENEY, J., CONCUR *Page 1