[Cite as *State v. Easton*, 2018-Ohio-3995.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106408**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# KARRIEM EASTON

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618341-A

**BEFORE:**  E.A. Gallagher, A.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**  September 27, 2018

[Cite as *State v. Easton*, 2018-Ohio-3995.]

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Ashley B. Kilbane
        Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender
BY: Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

{¶1} The state of Ohio appeals the decision of the trial court granting Karriem Easton's motion to suppress. The state argues that the trial court erred by suppressing evidence recovered from Easton's vehicle. For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶2} On July 14, 2017, Easton was charged with failure to comply and drug possession stemming from a traffic stop that occurred on June 14, 2017. Easton filed a motion to suppress evidence stemming from the stop, arguing that the stop violated the Fourth Amendment.

{¶3} The court conducted an evidentiary hearing on the motion and Sergeant Robert Voll of the Maple Heights Police Department provided his account of the relevant events. Voll testified that, on June 14, 2017, he was on duty and stopped at a traffic light at the corner of Raymond Street and Warrensville Center Road. Voll was facing westbound on Raymond when he observed Easton's vehicle pass through the intersection traveling southbound on Warrensville Center Road. Voll testified that he visually estimated Easton to be traveling at "highway speeds * * * well in excess of the speed limit" of 25 miles per hour.

{¶4} Voll stated that he activated his lights, pulled behind Easton's vehicle and accelerated to catch up to him. He testified that he accelerated to over 60 miles per hour and caught up to Easton's vehicle in one tenth of a mile. Voll then described pacing

Easton's vehicle at a distance of two car lengths for two tenths of a mile before Easton slowed, turned onto Gardenview Road and parked in a driveway. Voll testified that while pacing Easton's vehicle, he noted Easton's speed to be over 50 miles per hour. The entire distance from where Voll first saw Easton – at the corner of Raymond and Warrensville Center Road to where Easton stopped his vehicle was three tenths of a mile. Voll wrote his police report pertaining to the traffic stop but made no mention of pacing and he did not charge Easton with speeding.

{¶5} After considering arguments from the parties, the trial court granted Easton's motion to suppress and barred any evidence of the drugs recovered as a result of Easton's arrest as well as any evidence or testimony that Voll activated his overhead lights and that Easton failed to pull over.

{¶6} The trial court found that Sergeant Voll's testimony at the hearing on the motion to suppress was unreliable. The court cited the fact that Voll made no mention of pacing in his police report, did not establish that he had training or experience in visually estimating vehicle speed and failed to credibly explain his assertion that he was able to catch Easton's vehicle at the speeds described and pace it within the span of "mere seconds." The trial court concluded that the unreliability of Voll's testimony was the basis of its decision to grant Easton's motion to suppress.

**II. Law and Analysis**

{¶7} The state argues in its sole assignment of error that the trial court erred in granting Easton's motion to suppress.

{¶8} "Appellate review of a motion to suppress involves a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Appellate courts must defer to the trial court's findings of fact because it is in the best position to evaluate the credibility of witnesses and resolve factual discrepancies. *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 582 N.E.2d 972 (1992). An appellate court must accept a trial court's findings of fact if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Once the facts have been accepted, the court proceeds to a de novo review of whether the facts satisfy the applicable legal standard for the action taken. *Id.* at ¶ 9, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶9} A law enforcement official may conduct a traffic stop when there is a reasonable suspicion of criminal activity, such as a traffic violation. *State v. Robinson*, 8th Dist. Cuyahoga No. 95160, 2011-Ohio-842, ¶ 27. When determining whether an investigative stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus.

{¶10} The state presents various arguments that Sergeant Voll's testimony was sufficient to establish reasonable suspicion for a traffic stop, including, 1) Voll's unaided observation of Easton's speed, 2) Voll's description of pacing Easton's vehicle and 3)

Voll's assertion that Easton failed to comply with the activation of his emergency lights and sirens.

**{¶11}** However, all of the state's arguments are predicated upon the presumed credibility of Sergeant Voll's account of the traffic stop. Because the trial court found Voll's account of the stop to be unreliable, the state's arguments fail. The trial court was in the best position to evaluate the credibility of the officers' testimony regarding the stop, and we decline to substitute our judgment for that of the trial court. *See Mills*, 62 Ohio St.3d at 366, 582 N.E.2d 972; *Fanning*, 1 Ohio St.3d at 20, 437 N.E.2d 583.

**{¶12}** The state's sole assignment of error is overruled.

**{¶13}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, ADMINISTRATIVE    JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, J. CONCURS IN JUDGMENT ONLY