JOURNAL ENTRY AND OPINION
Defendant Todd Custer appeals from the denial of his motion to suppress following his no contest plea convictions.
Defendant and his passenger co-defendant Nelson Colon were charged with five felony counts after an investigation and traffic stop by City of Westlake police. The five charges included: (1) preparation of 1 to 5 grams of crack cocaine for sale in violation of R.C. 2925.07, (2) possession of 1 to 5 grams of crack cocaine in violation of R.C. 2925.11, (3) preparation of 5 to 15 grams of powdered cocaine for sale in violation of R.C. 2925.07, (4) possession of 5 to 25 grams of powdered cocaine in violation of R.C. 2925.11, and (5) possession of money ($3,348 in U.S. currency) as a criminal tool in violation of R.C. 2923.24.
Defendants filed a joint motion to suppress the evidence against them. The motion argued that the traffic stop made by Westlake police was pretextual and that they were improperly detained to conduct a search for drugs. The matter proceeded to a hearing over the course of several days.
The prosecution presented testimony from two witnesses, Detective Timothy Tolero and Officer Rosanna McCoy. Detective Tolero testified that, after working for the Ohio BCI for three years as a narcotics officer, he worked for the Westlake police department for approximately ten years. In these two positions he had been involved in hundreds of drug investigations. The detective reported that defendant had rented a room at the Cross Country Inn near Interstate-90 in Westlake. The front desk clerk called the police to report that defendant ordered pornographic movies by pay-per-view in his room and had a five-year-old boy with him. When the officers knocked on the door, they received no response. When they returned later, the clerk let them into the room, which was empty with no signs of abuse.
A LEADS computer search revealed that defendant had been released from prison on parole for drug trafficking. The report listed a residence address for defendant in Cuyahoga County on the west side of Cleveland to the east of the hotel. The officers decided to conduct surveillance of the hotel room the following morning. They observed that defendant had also rented a hotel room in the Marriot Courtyard hotel, approximately 500 feet from his room in the Cross Country Inn.
Defendant, co-defendant Colon, and two women with three children were thereafter observed loading their vehicles outside the Cross Country Inn. Defendant was driving a red Ford Explorer with Colon riding as his passenger. The woman and children were riding in a silver-colored foreign sedan and followed the Explorer after leaving the hotel. The vehicles stopped at an intersection as they approached Interstate-90. One of the males left the Explorer and conversed with the females in the sedan. The two vehicles failed to properly signal their direction as they turned to approach the highway.
The officers, who had been conducting the surveillance and conversing by radio, decided to pull over the two vehicles. They stopped the Explorer and the sedan following it pulled over further down the road without any signal from the police. Officer McCoy questioned the driver of the sedan, who indicated that she did not know defendant, but was merely following him to the Interstate-71 entrance southbound to return to Columbus. The police believed that her denial was false because they had observed the two together at the Cross Country Inn and again when the vehicles stopped to talk at a red light before entering the highway. The police learned that Colon, who had not been wearing a seat-belt, had also just been released from prison.
Detective Tolero testified that defendant's renting of two hotel rooms, in different hotels, a short distance from each other, in a high drug-crime area, when he resided nearby in Cleveland suggested that he was involved in illegal drug activity. Tolero testified that in his experience drug dealers frequently rent two rooms so that they can have a safe house and a stash house. The police called for a drug-sniffing dog from a nearby municipality because Westlake's dog was unavailable. The dog hit on the Explorer where police discovered crack and powdered cocaine in baggies inside a compartment near the driver's seat. The driver of the other vehicle consented to a search, and no drugs were found in it.
Defendants presented testimony from the two women. Gilchrist testified that she stayed with defendant and her two children in the Marriot Courtyard hotel on the evening prior to the stop. Issued a traffic ticket for failing to use a turn signal, she simply paid the ticket. She stated she never denied knowing defendant, she did not see any drug transactions, and her child was never alone with defendant. Harris testified that she stayed with co-defendant Colon in the Cross Country Inn. She also stated that Gilchrist never denied knowing defendant.
The parties submitted post-hearing briefs. The trial court thereafter denied the motion to suppress and made an extensive set of factual findings on the record. Defendant thereafter entered a no contest plea to all five charges, and the charges against co-defendant Colon were dismissed. Defendant timely appeals, raising three assignments of error.
Defendant's first assignment follows:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS, DESPITE A SHOWING THAT THE TRAFFIC STOP OF APPELLANT WAS PRETEXTUAL IN NATURE.
This assignment lacks merit.
Defendant contends the traffic stop of his Ford Explorer for failing to properly signal a right-hand turn as it entered Interstate-90 was a pretext to enable the police to search for drugs.
As noted by the trial court, this argument lacks merit. Both the U.S. and Ohio Supreme Courts have recognized that the police may stop a suspect when they observe a traffic violation, regardless of what their real motivation may have been for the stop. Whren v. United States (1996), 116 S.Ct. 1769; Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11.
The testimony of Detective Tolero, as well as the contemporaneous audio-tape of the surveillance of defendant before the traffic stop, supported the trial court's finding that defendant failed to properly signal the turn. Although the police ultimately withdrew the ticket that was issued to defendant on the scene, this withdrawal does not prove that the traffic stop was pretextual. The ticket was withdrawn so that proceedings would not impede resolution of the felony charges.
The audiotape of conversations among the officers did not indicate they planned to falsely claim that traffic violations occurred as a pretext to stop the vehicles. Det. Tolero was recorded on the audiotape as saying, If you're going to do a traffic stop on either one of the two cars or both I think good interviews and interdiction type interviews would probably be in order. He stated that the comment about interdiction interviews meant that the individuals should be separated after any stop so that the officers could determine whether they were telling consistent stories. The police sergeant who responded indicated that he had planned to do so, that is, to conduct such interviews.
Defense counsel repeatedly argued the audiotape did not contain the word if, so the detective's statement constituted an order to manufacture a violation to stop the vehicles. The trial court specifically found, however, that the audiotape contained the word if, indicating that a traffic stop could be made on the condition a violation occurred. (Tr. 326). It is well established that the credibility and weight to be given the testimony is for the trial judge to determine on a motion to suppress evidence. State v. Smith (1998), 80 Ohio St.3d 89, 105-106; State v. Fanning (1982), 1 Ohio St.3d 19, 20. We have no basis to disturb the trial court's findings.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment follows:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS DESPITE A SHOWING THAT THE STOP OF APPELLANT WAS NOT BASED ON A REASONABLE ARTICULABLE SUSPICION.
This assignment lacks merit.
Defendant contends that his continued detention for further investigation, after he was issued a ticket for his traffic violation, was improper. He argues that the police were not justified in detaining him to permit a canine to determine whether an odor of drugs was emanating from his vehicle.
The trial court could properly find, however, that the police had sufficient reasonable suspicion to warrant further investigation of defendant for possible drug offenses. At the time of the stop, the police knew that defendant rented two rooms in different hotels approximately 500 feet apart in a high drug crime area. Detective Tolero testified that renting two rooms in this manner was indicative of illegal drug activity. He stated that one room was used for transacting business and the other room was used to store the drugs or money. Separate locations protected the drug dealer from being raided by rivals or police and minimized any losses.
In addition to the two hotel rooms, the police also knew that defendant maintained a residence nearby in the west side of Cleveland and had just been released from prison for drug trafficking. Drug dealers from Cleveland frequently used the hotels in this area because of the location and easy access to the highways. Finally, when the police stopped the vehicles after observing the traffic violations, defendant's girlfriend, who was staying in the other hotel, denied knowing him despite the fact that police surveillance observed them together before the stop. Under the circumstances, this information was sufficient to provide reasonable suspicion to warrant detaining defendant after the police issued him the ticket for his traffic offense.
The case at bar is distinguishable from State v. Robinette (1997),80 Ohio St.3d 234, upon which defendant relies. Robinette was stopped for speeding in a construction zone. The police officer decided to give a warning but not to issue a ticket for the offense. The officer thereafter asked Robinette whether he could search Robinette's vehicle. The request was made pursuant to a general policy, but was not based on an individualized suspicion or reasonably articulable facts that Robinette had committed a drug offense. The case at bar is distinguishable precisely because the police had a reasonable articulable suspicion, even before the traffic stop, that defendant was engaged in illegal drug activity.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment follows:
 THE TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S MOTION TO SUPPRESS BASED ON A FINDING THAT THE CANINE SNIFF WAS A RELIABLE BASIS FOR PROBABLE CAUSE.
This assignment lacks merit.
Defendant argues for the first time on appeal that the trial court improperly admitted evidence that the police dog detected an odor of drugs emanating from his vehicle. He argues there was no showing that the dog was reliable.
The record shows that the Westlake police dog was not available at the time of the traffic stop. A trained dog and officer from a nearby community were called to perform the test. According to Tolero, the dog hit on the rear door on the driver's side of the vehicle. Tolero stated that the dog acted as all other police dogs he had seen when they detected the odor of drugs. The spot at which the dog became excited and began to furiously scratch the Explorer was adjacent to the compartment where the drugs were found.
The record shows, moreover, that defendant never objected at trial to the foundation for Tolero's testimony concerning the dog or the fact that the dog's handler was not called in person to testify at the suppression hearing. It is well established that a party waives a claim of error concerning the admissibility of evidence when it fails to raise a timely objection in the trial court. Evid.R. 103(A)(1). Under the circumstances, because defendant failed to raise any objection in the trial court, this claim of error is deemed to be waived.
Accordingly, defendant's third assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE:
TIMOTHY E. McMONAGLE, J., and JAMES J. SWEENEY, J., CONCUR.