[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Bobbi F. Cothrom challenges the trial court's denial of her motion to suppress evidence seized from her apartment. Cothrom's motion alleged that the affidavit submitted by a Cincinnati police officer to obtain a search warrant contained false information. Cothrom claimed that, once the false information in the affidavit was excised, no probable cause existed to justify the issuance of the warrant. After a hearing at which the police officer affiant and defense witnesses testified, the trial court denied Cothrom's motion.
"To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either `intentionally, or with reckless disregard for the truth.'"[1] At a suppression hearing, the evaluation of the evidence and the credibility of the witnesses are issues for the trier of fact.[2] In this case, the trial court found the officer's testimony credible and rejected the testimony of the witnesses for the defense.
In a single assignment of error, Cothrom now claims that the trial court "failed to recognize at all the glaring falsehoods in the affidavit that were shown by the [o]fficer's own testimony." In support of her contention, Cothrom cites various portions of the affidavit and of the officer's testimony at the suppression hearing. Our review of the record convinces us that while minor discrepancies existed between the affidavit and the officer's testimony, none were irreconcilable with the truth. Therefore, we cannot say that the trial court erred in its determination that Cothrom had failed to establish her allegation of intentional falsehood or reckless disregard by a preponderance of the evidence.
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 441, 588 N.E.2d 819, citing Franks v. Delaware (1978), 438 U.S. 154, 155-156,98 S.Ct. 2674.
[2] See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. See, also, State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.