JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio ("state"), appeals the trial court's decision granting defendant-appellee, Wakil Evans' ("Evans"), motion to suppress. Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2007, the Cuyahoga County Grand Jury indicted Evans for one count of drug possession. The indictment alleged that he unlawfully possessed less than five grams of cocaine in violation of R.C. 2925.11(A), a fifth degree felony.
 {¶ 3} On October 22, 2007, Evans, along with his co-defendant, Arthur Crenshaw, moved to suppress the evidence seized by the police, which included the cocaine found on Evans and a straw with cocaine residue found in Crenshaw's home, on the grounds that the police conducted an unlawful search and seizure in violation of their constitutional rights. The trial court held a joint suppression hearing.
 {¶ 4} The evidence and testimony at the suppression hearing was aptly summarized by this court in State v. Crenshaw, 8th Dist. No. 90635,2008-Ohio-4859, ¶ 2-6, as follows:
 {¶ 5} "Detective Jeff Follmer from the Cleveland Police Department testified at the suppression hearing. Det. Follmer testified that on July 6, 2007, he, along with several other vice detectives, were in the area of 3656 E. 52nd Street, investigating a complaint of drug activity at this address. Officer Rojas was conducting surveillance *Page 2 
in an undercover vehicle. Officer Rojas observed a vehicle approach. The passenger got out, stayed a short time, and then left. The vehicle was stopped, and the passenger was found to be in possession of cocaine. "Det. Follmer testified that the vice unit met and went back to the house to investigate. Seven to twelve police officers entered the backyard, which was fenced in. One side had a six-foot wooden fence, and the other side had a chain-link fence. Det. Follmer testified that he approached the backyard by way of the driveway. He entered the backyard `from the fence' and smelled a strong odor of marijuana.[1] He also noticed a group of seven to ten people together by the chain-link fence, where the other officers were approaching. The police surrounded the backyard, and Det. Follmer approached the group. All present were ordered to put their hands up. *Page 3 
 {¶ 6} "Det. Follmer spoke with Crenshaw, who lived at the house, and asked for consent to search his house. In the meantime, * * * [Evans, who was a guest at Crenshaw's party,] put his hand into his pocket and then tried to enter the house. Det. Follmer explained to * * * [Evans] that he could not enter the house until he was patted down. During the pat-down, Det. Follmer discovered cocaine in * * * [Evans'] pocket, along with $985.[2] He was placed under arrest.
 {¶ 7} "* * * Crenshaw testified that he had some people, including women and children, over for a barbecue. He testified that the police entered the backyard by climbing over the fence, that they surrounded his backyard, and that they had their guns drawn. Crenshaw testified that he felt he had no choice but to consent to the search."
 {¶ 8} The trial court granted Evans' motion to suppress without opinion. The state appeals, raising the following assignment of error:
 {¶ 9} "The trial court erred in granting the appellee's motion to suppress."
 {¶ 10} In support of its sole assignment of error, the state contends that Evans' Fourth Amendment rights could not have been violated because the police "encounter"[3] in Crenshaw's backyard was consensual, or, alternatively, the odor of marijuana justified the officers' warrantless, non-consensual entry. The state *Page 4 
further contends that the subsequent pat-down of Evans, who appeared nervous and had his hands in his pockets, was justified. We disagree.
 {¶ 11} Appellate review of a suppression ruling involves mixed questions of law and fact. See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. Burnside, supra, at ¶ 8. But the appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. Id.
 {¶ 12} "The Fourth Amendment to the United States Constitution provides in part: `the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *.' The Fourth Amendment to the United States Constitution and Section 14, Article One, of the Ohio Constitution require the police to obtain a warrant based upon probable cause before they conduct a search." State v. Rankin, 8th Dist. No. 88866, 2007-Ohio-4844, at ¶ 20, citing Coolidge v. New Hampshire (1971),403 U.S. 443. The Constitution prohibits the state from making unreasonable, warrantless intrusions into areas where people have legitimate *Page 5 
expectations of privacy. United States v. Chadwick (1977), 433 U.S. 1,7. Unless the state specifically proves an exception to the warrant requirement, a warrantless search is unconstitutional, even if the facts unquestionably demonstrate probable cause to obtain a warrant. State v.Sharpe, 174 Ohio App.3d 498, 2008-Ohio-267, ¶ 29, citing Agnello v.United States (1925), 269 U.S. 20, 33.
 {¶ 13} The state's exact arguments concerning Crenshaw's purported consent, or, alternatively, the smell of marijuana justifying the warrantless intrusion, were recently addressed and rejected by this court in Crenshaw. See Crenshaw, supra, at ¶ 9-23. Specifically, this court found that Crenshaw's fenced-in backyard constituted a "curtilage," where Crenshaw and his guests, including Evans, had a reasonable expectation of privacy. Id. at ¶ 13-14, citing U.S. v.Dunn (1987), 480 U.S. 294, 301. The state's warrantless search on the property, therefore, was unreasonable and violated the Fourth Amendment.Crenshaw, supra, at 15. The state failed to prove any recognizable exceptions justifying the intrusion. Id.
 {¶ 14} Likewise, we refused to find that seven to twelve officers surrounding and entering Crenshaw's backyard with guns drawn and subjecting guests to a pat-down was a "consensual encounter." Id. at ¶ 17. Indeed, no reasonable person would feel free to terminate the encounter or to leave, thereby *Page 6 
defeating a claim of consent. Id. at ¶ 16-17, citing, United States v.Mendenhall (1980), 446 U.S. 544, 554; Terry v. Ohio (1968), 392 U.S. 1,16, 19 (recognizing that a police encounter is not consensual where the police, by either physical force or show of authority, "restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter").
 {¶ 15} Finally, we also rejected the state's claim that the purported smell of marijuana justified the warrantless intrusion on the property as a compelling exigent circumstance. Crenshaw, supra, at ¶ 19-23. Because there was "no indication that any marijuana or other evidence was being destroyed," we found "no reason why seven to twelve officers could not have secured the area and obtained a search warrant." Id. at ¶ 23. Notably, there was no evidence presented that the police even found marijuana on the premises.
 {¶ 16} Thus, having already found that the police had unlawfully entered Crenshaw's property in violation of the Fourth Amendment, the subsequent pat-down and discovery of cocaine on Evans must also be suppressed as fruit of the poisonous tree under Wong Sun v.United States (1963), 371 U.S. 471. See, also, State v. Zax-Harris,166 Ohio App.3d 501, 2006-Ohio-1855, ¶ 21 (finding that trial court should have suppressed cocaine seized in defendant's home because *Page 7 
officer entered property in violation of Fourth Amendment and, therefore, the evidence constituted "fruit of the poisonous tree" underWong Sun).
 {¶ 17} Accordingly, the state's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Det. Follmer, however, did not testify that he found any marijuana on the premises.
[2] The police confiscated 2.85 grams of cocaine from Evans.
[3] Presumably, the state is referring to the seven to twelve police officers swarming the backyard and jumping the fence as the "encounter." *Page 1