[Cite as *State v. Janes*, 2018-Ohio-1491.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| NATHANAEL L. JANES | : | Case No. 17CA43 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　　Pleas, Case No. 2017CR0207



JUDGMENT:　　　　　　　　　　　　Affirmed



DATE OF JUDGMENT:　　　　　　　　April 16, 2018



APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

JOSEPH C. SNYDER　　　　　　　　DAVID M. WATSON
38 South Park Street　　　　　　　　3 North Main Street
Mansfield, OH  44902　　　　　　　　Suite 702
　　　　　　　　　　　　　　　　　　　Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Nathanael L. Janes, appeals the April 18, 2017 judgment entry of the Court of Common Pleas of Richland County, Ohio, denying his motion to suppress. Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 20, 2016, police officers were dispatched to appellant's apartment on a reported domestic disturbance, possibly involving a gun. When the police officers arrived, they heard screams coming from the apartment. They knocked on the door and did not receive a response. They then forced entry and encountered appellant and a woman. The two were detained while the police officers performed a protective sweep of the apartment. When police checked an open closet, they discovered a gun on the top shelf partially covered by a sheet. The gun had been stolen.

{¶ 3} On April 6, 2017, the Richland County Grand Jury indicted appellant on one count of receiving stolen property (the gun) in violation of R.C. 2913.51.

{¶ 4} On April 14, 2017, appellant filed a motion to suppress, challenging the search of his apartment and the seizure of the gun without a warrant. A hearing was held on April 17, 2017. At the conclusion of the hearing, the trial court denied the motion. The decision was memorialized by judgment entry filed April 18, 2017.

{¶ 5} A jury trial commenced on April 17, 2017. The jury found appellant guilty as charged. By sentencing entry filed April 20, 2017, the trial court sentenced appellant to sixteen months in prison.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS."

I

{¶ 8}   In his sole assignment of error, appellant claims the trial court erred in denying his motion to suppress.  We disagree.

{¶ 9}   As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

> "Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.   In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).  On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).  Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶ 10} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 11} In his April 14, 2017 motion to suppress, appellant challenged the search of his apartment and the seizure of the gun without a warrant. Appellant argued "the seizure does not fall into one of the warrant requirement exceptions that Ohio law recognizes."

{¶ 12} An evidentiary hearing was held on April 17, 2017. Appellee called one witness, Mansfield Police Patrolman Joshua Frech. Patrolman Frech testified on December 20, 2016, he was dispatched to appellant's apartment on a reported domestic disturbance, possibly involving a gun. T. at 9-10. He stated as part of his duties, he needed to "make sure the people are safe and make sure we can locate and look for the gun." T. at 11. When he and his partner arrived, they heard screams coming from the apartment. T. at 11-12, 23. It sounded like someone was in distress. T. at 27. They knocked on the door, but did not receive a response. T. at 12. They then forced entry and encountered appellant and a woman. T. at 12-13, 23. Appellant did not have a gun on his person. T. at 15. The police officers did not know how many people were in the apartment and whether there were other victims and/or a perpetrator with a gun. T. at 13, 15, 24. The two occupants were detained while the police officers performed a protective sweep of the apartment. T. at 13-14, 23-24. The purpose of the sweep was to "check every closet to make sure no one is hiding. Check under the beds, anything that anybody can hide in." T. at 14. When police checked an open closet in the main bedroom, they discovered a gun on the top shelf partially covered by a sheet. T. at 16, 25. The handle of the gun was sticking out. *Id.*

{¶ 13} At the conclusion of the hearing, the trial court denied the motion to suppress, stating the following (T. at 32-33):

The Fourth Amendment all comes down to what is reasonable. I do think it is reasonable for an officer who gets a call about an individual with a gun in a domestic violence situation, for him to investigate. No one would come to the door, and they had to force entry. Made contact with a male and female. At that point, they still don't know if that's the extent of the call. They do the protective sweep. They do see the gun in plain view during the protective sweep.

I think it's reasonable for the officer to be where he was doing the sweep through the home. And then I think they collected the firearm, as they had information prior to the scene that there was a firearm involved.

{¶ 14} In its judgment entry filed April 18, 2017, the trial court found Patrolman Frech's testimony to be credible.

{¶ 15} As held by the United States Supreme Court in *Maryland v. Buie,* 494 U.S. 325, 337, 110 S.Ct. 1093, 108 L.Ed.2d 276: "The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." That is because police officers have an interest "in taking steps to assure themselves that the house in which a suspect is being, or has just been, arrested is not harboring other

persons who are dangerous and who could unexpectedly launch an attack." *Id.* at 333.

"[A]n in-home arrest puts the officer at the disadvantage of being on his adversary's 'turf.'

" *Id.* The court held, "that as an incident to the arrest the officers could, as a precautionary

matter and without probable cause or reasonable suspicion, look in closets and other

spaces immediately adjoining the place of arrest from which an attack could be

immediately launched." *Id.* at 334. A protective sweep "may extend only to a cursory

inspection of those spaces where a person may be found." *Id.* at 335.

{¶ 16} Given the facts of this case and the reasoning in *Buie,* we find the protective

sweep was not overly broad. We concur with the trial court's analysis that the sweep was

reasonable.

{¶ 17} Upon review, we find the trial court did not err in denying the motion to

suppress.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By: Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db