[Cite as *State v. Addison*, 2022-Ohio-2440.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MICHAEL A. ADDISON | : | Case No. 21 CA 20 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 20CR164


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      July 14, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                    MICHAEL J. CONNICK
627 Wheeling Avenue                45 North 4th Street
Cambridge, OH  43725              Suite 2B
                                              Zanesville, OH  43701

*Wise, Earle, P.J.*

{¶ 1} Defendant-Appellant, Michael A. Addison, appeals the May 26, 2021 denial of his motion to suppress by the Court of Common Pleas of Guernsey County, Ohio. Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 20, 2020, the Guernsey County Grand Jury indicted appellant on one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331 and one count of aggravated possession of drugs in violation of R.C. 2925.11. Said charges arose after his parole officer received a tip appellant may be in possession of firearms. Law enforcement attempted to arrest appellant pursuant to an arrest warrant, but appellant fled on his motorcycle. A chase ensued until appellant crashed his motorcycle and sustained injuries. Methamphetamine was found on the roadway among appellant's belongings.

{¶ 3} On January 14, 2021, appellant filed a pro se motion to suppress, claiming an illegal arrest. A hearing was held on May 10, 2021, at which appellant was represented by counsel. By judgment entry filed May 26, 2021, the trial court denied the motion, finding probable cause to stop and arrest appellant pursuant to a warrant. The trial court further found even if there had not been a warrant for appellant's arrest, appellant's actions after the stop led to probable cause for his arrest.

{¶ 4} On July 15, 2021, appellant pled no contest to the charges. By judgment entry filed July 21, 2021, the trial court found appellant guilty and sentenced him to a total aggregate term of thirty-six months in prison.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}   "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

{¶ 7}   In his sole assignment of error, appellant claims the trial court erred in denying his motion to suppress.  We disagree.

{¶ 8}   As stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.   In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).   On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).  Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶ 9}   As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 94 (1996):

We therefore hold that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal.   Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

{¶ 10} Appellant makes a nebulous argument that any evidence seized should have been suppressed under the doctrine of derivative evidence.  The derivative evidence rule "holds that evidence is illegally seized, and must be suppressed, when its discovery was the product of a constitutional violation." *State v. Adams,* 2d Dist. Montgomery No. 24184, 2011-Ohio-4008, ¶ 20.   " 'There must be a causal connection between the constitutional violation and the derivative evidence for the latter to be suppressed.  This stands to reason because the latter is excluded solely because of its connection to the constitutional violation.'  Katz, 'Ohio Arrest, Search and Seizure,' 2008 Ed., § 28:3." *Id.*

{¶ 11} We do not find a constitutional violation in this case.

{¶ 12} At the time of this incident, appellant was on parole.  His parole officer, Brian Jackson, was informed appellant may be in possession of firearms.  May 10, 2021 T. at 46-47.  Officer Jackson went to appellant's home to conduct a home visit and look for weapons, but no one was home.  *Id.* at 47.  Pursuant to Adult Parole Authority policies

and procedures, Mr. Jackson obtained a warrant to arrest appellant (State's Exhibit B). *Id.* at 47-51. The warrant was issued by the chief of the Adult Parole Authority.

{¶ 13} Guernsey County Sheriff's Deputy Cory May was aware of the arrest warrant for appellant. *Id.* at 7, 40-41. While on patrol, he observed appellant on the side of the road. *Id.* at 7. He approached appellant and told him he was under arrest. *Id.* at 8-9. Appellant fled on his motorcycle. *Id.* at 9. A chase ensued reaching speeds up to 110 m.p.h. *Id.* The chase stopped when appellant crashed his motorcycle and sustained injuries. *Id.* In order to attend to appellant's injuries, emergency personnel were required to cut off appellant's clothing. *Id.* at 11, 29. Two baggies containing methamphetamine were found on the roadway among the clothing cut from appellant (State's Exhibit A). *Id.* at 11. Footage from Deputy May's body camera corroborates his testimony (Defendant's Exhibit 1).

{¶ 14} Appellant testified and recalled Deputy May pulling up on him and indicating to him that he was under arrest. *Id.* at 74, 76, 84-85.

{¶ 15} In its May 26, 2021 judgment entry denying the motion to suppress, the trial court found Deputy May had probable cause to stop and arrest appellant pursuant to the arrest warrant. The trial court further found even if there had not been a warrant for appellant's arrest, appellant's actions after the stop in failing to comply with Deputy May's order and fleeing the scene led to probable cause for his arrest. *State v. Adams,* 2d Dist. Montgomery No. 24184, 2011-Ohio-4008. We agree with the trial court's analysis. Deputy May approached appellant pursuant to the warrant and told him he was under arrest. Appellant ignored Deputy May and fled. Deputy May had probable cause to chase and stop appellant for disregarding his order. *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct.

1868, 20 L.Ed.2d 889 (1968).  There is no evidence of a constitutional violation in this case.  The doctrine of derivative evidence does not apply.

{¶ 16} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/db