[Cite as *State v. Wharton*, 2025-Ohio-4485.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 02 0014 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24 CR I 05 0277 |
| KYLE T. WHARTON, | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: September 25, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Delaware County Prosecutor, KATHERYN L. MUNGER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; WILLIAM T. CRAMER, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Kyle T. Wharton, appeals the decision of the trial court denying his motion to suppress evidence. Appellee is the State of Ohio. For the reasons that follow, we affirm the trial court's decision.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   The Delaware County Sheriff's Office received a tip that the appellant had downloaded pornographic materials involving children to his computer via Dropbox. Detective Sergeant Joshua Clarke of the Delaware County Sheriff's Office investigated the matter, and obtained a warrant to search the appellant's computer, where the

pornographic materials were found. On May 9, 2024, the appellant was indicted on the following charges:

- Count One: Pandering Sexually-Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(1), a felony of the second degree;

- Count Two: Pandering Sexually-Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(1), a felony of the second degree;

- Count Three: Pandering Sexually-Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(5), a felony of the fourth degree;

- Count Four: Pandering Sexually-Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(5), a felony of the fourth degree; and,

- Count Five: Pandering Sexually-Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(5), a felony of the fourth degree.

The appellant was appointed counsel, and pleaded not guilty at his June 28, 2024, arraignment.

{¶3} On September 4, 2024, the appellant moved to suppress all evidence obtained directly or indirectly from the search of his Dropbox files, which he argued was obtained from an out-of-state electronic data storage facility connected to a Dropbox account that was allegedly associated with him. The appellant argued that the warrant

used to obtain the evidence was invalid. On September 12, 2024, the appellee filed a brief in response. On September 19, 2024, the trial court conducted a hearing on the appellant's Motion to Suppress, at which the following evidence was presented.

{¶4} The Ohio Internet Crimes Against Children task force (ICAC) received a referral from the National Center for Missing and Exploited Children that was initially reported by Dropbox, an Electronic Service Provider. ICAC forwarded the referral to the Delaware County Sheriff's Office for investigation on January 8, 2024. The Sheriff's Office was provided the Cyber Tip report which contained the following suspect details: the email address of kylewharton18@yahoo.com; an IP address; and, the screen/user name Kyle Wharton. There were three files flagged by Dropbox that contained child sex abuse material. Those files contained videos of prepubescent females engaging in sexual conduct, as well as a video of an adult male engaged in sexual conduct with a prepubescent female.

{¶5} Detective Sergeant Clarke investigated the tip and the appellant, and discovered that the appellant was a registered sex offender with the Delaware County Sheriff's Office, having previously been convicted of Illegal Use of a Minor or Impaired Person in Nudity Oriented Material or Performance and Pandering Obscenity Involving a Minor or Impaired Person. Detective Sergeant Clarke obtained the appellant's registration information, and confirmed that the appellant had registered his email as kylewharton18@yahoo.com with the Sex Offender Registry on October 24, 2023, which was the same date of the IP login to Dropbox. Detective Sergeant Clarke was also able to confirm that the appellant was on parole.

**{¶6}** On January 8, 2024, Detective Sergeant Clarke sent a letter of preservation to Dropbox Legal Counsel, whose headquarters is located at 1800 Owens St., Ste. 200, San Francisco, CA 94158. Although headquartered in San Francisco, all patron files stored online by Dropbox are kept on secure storage servers in many states. On January 11, 2024, Detective Sergeant Clarke obtained a search warrant from the Delaware Municipal Court for the appellant's electronically stored records kept by Dropbox. The department policy at that time was to submit all such warrant requests to the municipal court. The policy was modified in late January/early February of 2024, and the department thereafter began submitting warrant requests to the common pleas court.

**{¶7}** With regard to the warrant in the case sub judice, Detective Sergeant Clarke submitted an affidavit in support of the warrant which provided the appellant's Dropbox user-name, the accompanying email, an IP address of the account login, and information regarding the appellant's October 24, 2023, login and upload of the child pornography materials. Detective Sergeant Clarke set forth information in his affidavit that established probable cause to believe evidence of the crime of Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2933.21 would be found in the appellant's Dropbox file, and the municipal court issued the Search Warrant.

**{¶8}** On January 23, 2024, Dropbox complied with the Search Warrant and provided Detective Sergeant Clarke with the electronic data associated with the appellant's account. Numerous files in the appellant's Dropbox account containing child sexual abuse material images were discovered upon review of the electronic data.

**{¶9}** On October 4, 2024, the trial court issued a Judgment Entry Denying [appellant's] Motion to Suppress. On December 9, 2024, the appellant pleaded no contest

to count one, a second-degree felony; and, count five, a fourth-degree felony. In exchange, the appellee dismissed the remaining counts. In addition, the parties agreed to jointly recommend a prison term of three years and a Tier III sex offender designation. Finally, the parties agreed that they would argue the issue of whether the trial court should impose the remaining post release control time from the appellant's prior offense.

{¶10} On January 28, 2025, the trial court imposed sentence in accordance with the parties' joint recommendation. The court imposed a term of three to four-and-a-half years on count one and a concurrent term of eighteen months on count five. The court also imposed five years mandatory post-release control; and, designated the appellant a Tier III sex offender. Further, the court granted 214 days of credit for time served, and waived fines and costs. Finally, the court imposed a prison term of 1,526 days (approximately four years and four months) for the outstanding post-release control time from the appellant's prior offense for which he was on parole, and ordered that it be served consecutively with the time received for the offenses in this matter.

{¶11} The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

{¶12} "I. APPELLANT'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BY A SEARCH AND SEIZURE CONDUCTED PURSUANT TO AN INVALID WARRANT."

## STANDARD OF REVIEW

{¶13} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact, and is in the best position to resolve

questions of fact and to evaluate witness credibility. *Id*. See, also, *State v. Dunlap,* 73 Ohio St.3d 308, 314 (1995), quoting *State v. Fanning,* 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See*, Burnside,* supra; and, *State v. Hill,* 2024-Ohio-522, ¶16 (5th Dist.).

**{¶14}** However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra; and, *Hill,* supra. "That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas,* supra. Moreover, due weight should be given 'to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Hill*, supra.

**ANALYSIS**

**{¶15}** The appellant submits that the municipal court lacked the authority to issue a warrant for the appellant's electronic Dropbox data stored in another state and, as a result, the search effectuated with the warrant violated his fundamental constitutional rights. He relies on the Second District Court of Appeals case of *State v. Worthan,* 2024-Ohio-21 (2nd Dist.) in support of his argument. While the *Worthan* decision is not binding upon this Court, it correctly encapsulates the legal conclusion that federal law requires search warrants seeking out of state electronic records be issued by a court of general criminal jurisdiction. Because municipal courts are courts of limited jurisdiction, and not general jurisdiction, they have no authority to issue warrants for electronic records in another state. However, the evidence obtained from Detective Sergeant Clarke's search

of the appellant's Dropbox need not be excluded, as it is admissible based upon the good faith exception.

**{¶16}** The exclusionary rule and the good faith exception thereto were discussed by the Ohio Supreme Court in *State v. Schubert*, 2022-Ohio-4604, *reconsideration denied,* 2022-Ohio-4809:

The exclusionary rule safeguards Fourth Amendment rights through its deterrent effect. *Herring v. United States*, 555 U.S. 135, 139-140, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009), citing *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). In *Leon*, the United States Supreme Court explained that given the heavy societal cost of excluding "inherently trustworthy tangible evidence" from a jury's consideration, *id.* at 907, 104 S.Ct. 3405, the exclusionary rule should be applied only when its application will result in appreciable deterrence of Fourth Amendment violations, *id.* at 909, 104 S.Ct. 3405. The *Leon* court recognized that when an officer's conduct was objectively reasonable, " 'excluding the evidence will not further the ends of the exclusionary rule in any appreciable way.' " *Id.* at 920, 104 S.Ct. 3405, quoting *Stone v. Powell*, 428 U.S. 465, 539-540, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (White, J., dissenting). It thus adopted the objective-good-faith exception to the exclusionary rule for it to be applied to instances in which police acted in an objectively reasonable manner. *Id.* at 918-919, 104 S.Ct. 3405.

The court in *Leon* explained that a police officer's having relied on a warrant issued by a judicial officer—even when the warrant was later

determined to be invalid for want of probable cause—generally suffices to show that the police officer " 'acted in good faith in conducting the search.' " 468 U.S. at 922, 104 S.Ct. 3405, 82 L.Ed.2d 677, quoting *United States v. Ross*, 456 U.S. 798, 823, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), fn. 32. Nevertheless, the court made clear that a police officer's reliance on a warrant, even in good faith, must still be "objectively reasonable," *id.*, and that "in some circumstances the [police] officer will have no reasonable grounds for believing that the warrant was properly issued," *id.* at 922-923, 104 S.Ct. 3405. The court then noted certain circumstances in which it would not be objectively reasonable for a police officer to rely on a warrant, one being when the affidavit supporting the warrant is " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " *Id.* at 923, 104 S.Ct. 3405, quoting *Brown v. Illinois*, 422 U.S. 590, 610-611, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (Powell, J., concurring in part). "An affidavit that is so lacking in indicia of probable cause that no reasonable officer would rely on the warrant has come to be known as a 'bare bones' *621 affidavit." *White*, 874 F.3d at 496, citing *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir.1996). An affidavit is "bare bones" when it fails to establish a minimally sufficient nexus between the item or place to be searched and the underlying illegal activity. *United States v. McPhearson*, 469 F.3d 518, 526 (6th Cir.2006).

To avoid being labeled as "bare bones," an affidavit must state more than " 'suspicions, or conclusions, without providing some underlying factual

circumstances regarding veracity, reliability, and basis of knowledge,' " *United States v. Christian*, 925 F.3d 305, 312 (6th Cir.2019), quoting *United States v. Washington*, 380 F.3d 236, 241 (6th Cir.2004), fn. 4, and make " 'some connection,' " *id.* at 313, quoting *White* at 497, " 'between the illegal activity and the place to be searched,' " *id.*, quoting *United States v. Brown*, 828 F.3d 375, 385 (6th Cir.2016).

The minimally-sufficient-nexus understanding of the "so lacking in indicia of probable cause" language employed in *Leon* developed out of the rule of law first announced in *Illinois v. Gates*, 462 U.S. 213, 236-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), in which the United States Supreme Court held that some deference must be accorded to a judicial officer's probable-cause decision. Although the Fourth Amendment requires search warrants to issue only "upon probable cause," meaning only when the affidavit supporting the warrant establishes a "fair probability that contraband or evidence of a crime will be found in a particular place," *Gates* at 238, 103 S.Ct. 2317, the court in *Gates* made clear that the "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed," (ellipsis and brackets added in *Gates*) *id.* at 239, 103 S.Ct. 2317, quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Thus, even though the existence of probable cause is a legal question to be determined on the historical facts presented,

*see Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), a warrant should be upheld when the issuing judicial officer had a substantial basis for believing that probable cause existed, regardless of what the reviewing court's independent determination regarding probable cause might be.

*Id.* at ¶¶8-11. In this case, the affidavit submitted by Detective Sergeant Clarke in support of the search warrant for the appellant's Dropbox file was not "bare-bones," but rather, outlined in lengthy detail the facts upon which the request to search the appellant's Dropbox file was based. Further, Detective Sergeant Clarke testified during the suppression hearing as follows:

Q:     Since January of 2024, with regard to your warrant, the standard operating procedure of our warrants for the Delaware County Sheriff's Office, have you changed that?

A:     Yes.

Q:     When?

A:     So -- and I wish I could find an exact date, but toward the end of January 2024, beginning of February, somewhere around that time, we -- and I believe it was municipal court had reached out to us and said, Hey, we can't do these anymore. It was cited that was it I believe the Worthan case. The fact that it -- and in researching the issue, I saw that it was -- the argument was a court of competent jurisdiction I think versus limited jurisdiction.

And I'm not an attorney, so I didn't really understand what that means. But I said, Okay. Well, we need to stop this process immediately and revise it.

I know on February 5th, I had actually reached out to the staff over here at common pleas to see, Hey, there's probably going to be an influx of search warrants that we're going to be requesting from here, so can we try to set up some kind of process to make it easier on everybody.

Q:    Prior to that, were you aware of this issue?

A:    No.

Q:    After this was brought to your attention have you completely changed which court you go to?

A:    Yes. Once this issue was brought to our attention, we immediately ceased any type of search warrant that would fall under that and started seeking them through common pleas.

Finally, Detective Sergeant Clarke's affidavit set forth the details of what was believed to be contained in the appellant's Dropbox, and the probable cause for that belief.

**{¶17}** Detective Sergeant Clarke acted in good faith reliance upon the warrant. The purpose of excluding evidence obtained with a defective warrant is to deter and remedy deliberate, intentional, reckless, or grossly negligent conduct by law enforcement. As set forth by the Ohio Supreme Court in *State v. Dibble*, 2020-Ohio-546:

Exclusion is not meant to serve as a remedy for the injury caused by an unconstitutional search or seizure but rather as a deterrent against future violations. *Id.* at 236-237, 131 S.Ct. 2419. Thus, the question whether the

exclusionary sanction should be imposed is " 'an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct.' " *Leon*, 468 U.S. at 906, 104 S.Ct. 3405, 82 L.Ed.2d 677, quoting *Illinois v. Gates*, 462 U.S. 213, 223, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

"[T]he deterrence benefits of exclusion 'vary with the culpability of the law enforcement conduct' at issue." *Davis* at 239, 131 S.Ct. 2419, quoting *Herring v. United States*, 555 U.S. 135, 143, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009) (cleaned up). When a Fourth Amendment violation is occasioned by "deliberate," "reckless," or "grossly negligent" police conduct, the deterrent benefits of exclusion are said to outweigh its costs. *Id.* at 238, 131 S.Ct. 2419; *see also Herring* at 144, 129 S.Ct. 695 ("To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system"). But, when police act in an objectively reasonable manner in executing a search believed in good faith to be legal, there is no bad conduct to deter. *Leon* at 918-920, 104 S.Ct. 3405.

The United States Supreme Court has held that the exclusionary rule should not be applied in situations in which an officer has relied in good faith on a warrant issued by a neutral and detached magistrate or judicial officer, notwithstanding the fact that the warrant is later found to be invalid. *Id.* at 913, 104 S.Ct. 3405. But "the officer's reliance on the magistrate's probable-

cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable." *Id.* at 922, 104 S.Ct. 3405.

Because the exclusionary rule's purpose is to deter unlawful police conduct, evidence should be suppressed " 'only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.' " *Leon*, 468 U.S. at 919, 104 S.Ct. 3405, 82 L.Ed.2d 677, quoting *United States v. Peltier*, 422 U.S. 531, 542, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). When a detached and neutral magistrate has issued a search warrant and the police have acted within its scope, there is typically nothing more that the police can do to comply with the law. *Leon* at 920-921, 104 S.Ct. 3405. It is ultimately the responsibility of the magistrate to determine whether there is a sufficient legal basis to issue a warrant, and in most instances, police officers are not expected to second-guess the judge. *Id.* at 921, 104 S.Ct. 3405. Suppressing evidence because of an "error by a magistrate can never deter future police misconduct." *Wilmoth*, 22 Ohio St.3d at 266, 490 N.E.2d 1236; *see also Leon* at 921, 104 S.Ct. 3405.

*Id.* at ¶¶15-18. No such deliberate, reckless, or grossly negligent police conduct was exhibited in this case. Detective Sergeant Clarke testified that Sheriff's Office protocol was to seek search warrants from the municipal court. Once the municipal court advised that it could no longer issue warrants in such cases, and Clarke learned about the *Worthan* case and the difference between courts of competent jurisdiction and limited jurisdiction, he contacted the common pleas court to ensure a new protocol in which

warrants were sought from the common pleas court was in place. The underlying factual circumstances regarding the veracity, reliability, and basis of knowledge in support of the Dropbox warrant, and the protocol of the Sheriff's Office in obtaining the warrant, rendered reliance upon it to be objectively reasonable and, therefore, in good faith. Accordingly, the appellant's sole assignment of error is overruled.

## CONCLUSION

**{¶18}** Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Delaware County Court of Common Pleas is hereby affirmed.

**{¶19}** Costs to appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.